## In re HUMPHREYS.

### (District Court, E. D. North Carolina. April 3, 1915.)

BANKRUPTCY ⬤⟿395—EXEMPTIONS—RIGHT OF TRUSTEE TO MAKE DEDUCTIONS.

The right of a bankrupt to exemptions under Bankr. Act July 1, 1898, c. 541, § 6, 30 Stat. 548 (Comp. St. 1913, § 9590), is to be determined by the state law, as well as the amount and character of the property, and it is the duty of the trustee under section 47a (11), 30 Stat. 557 (Comp. St. 1913, § 9631), to set apart the exemptions in accordance with such law and report the items. He has no right to make deductions from such exemptions, and no standing to petition the referee to do so, because of a fee paid by the bankrupt to his attorney, or money paid to the clerk for costs, or otherwise expended, even though such expenditure is claimed to have been fraudulent, which matters under the act have no relation to the question of exemptions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. ⬤⟿395.]

In Bankruptcy. In the matter of J. W. Humphreys, bankrupt. On review of order of referee. Confirmed.

J. W. Davenport, of Windsor, N. C., for trustee.
Winston & Matthews, of Windsor, N. C., for bankrupt.

CONNOR, District Judge. Although the proceeding is somewhat irregular, it appears from the certificate of the referee, and the record, that the trustee objects to the allotment of the personal property exemption claimed by the bankrupt, under Const. N. C. art. 10, and Bankr. Act, § 6, or, to state his contention in a different form, he seeks to have deducted from the exemptions $100 paid by the bankrupt to his attorneys, $35 deposited with the clerk on account of the cost incurred in this proceeding, $15 expended in traveling expenses, and $75, the value of certain articles of household goods alleged to have been given by the bankrupt to his wife in fraud of his creditors.

Conceding the facts to be as contended by the trustee and found by the referee, I am unable to perceive how they affect the right of the bankrupt to have his personal property exemptions allotted. Section 6 of the Bankruptcy Act secures to the bankrupt the exemptions which are prescribed by the state laws at the time of filing the petition in the state wherein he has had his domicile for 6 months, etc. By section 47a it is made the duty of the trustee to set apart the bankrupt's exemptions and report the items, and estimated value thereof, to the court as soon as practicable after his appointment. This provision of the statute is supplemented by General Order 27 (89 Fed. xi, 32 C. C. A. xxvii), directing the trustee to make a report to the court, within 20 days after receiving notice of his appointment, of the articles set off to the bankrupt by him according to the provisions of the forty-seventh section of the act, with the estimated value of each article, and any creditor may take exception to the determination of the trustee within 20 days after the filing of the report. Other provisions are made in the order not material to the question presented here. It is held that the right of the bankrupt, in respect to amount, character

of property, etc., is derived from and controlled by the state law; the method of setting it apart is governed by the Bankruptcy Act. In re Andrews (D. C.) 27 Am. Bankr. Rep. 116, 193 Fed. 776.

The question sought to be raised in this record should be presented in accordance with the provisions of the act and the order. No question in regard to the right to exemption was before the referee on the examination of the bankrupt. It may be well enough to say, however, that, if presented, the contention of the trustee could not be sustained. In some states a debtor forfeits the right to his exemptions if guilty of fraud. It is not so in North Carolina. The forfeiture of the right to claim the constitutional exemption does not depend upon the Bankruptcy Act, but exists because of some express statutory provision or the decision of the courts of the state under the laws of which the bankrupt makes his claim. Collier, Bankruptcy (9th Ed.) 199. It will be found by an examination of the cases cited by the author that the courts have been controlled in giving or refusing the exemptions by the provisions of the state law. If, however, the question was not foreclosed by this view, I am of the opinion that the referee ruled correctly. In regard to the payment of $100 by the bankrupt to his attorneys for services to be rendered in the proceeding in bankruptcy, I am at a loss to see how the only question open to the trustee can be raised in the manner adopted in this case. The only reference in the Bankruptcy Act to the subject of payment of attorney's fees by the bankrupt, is found in section 60d (Comp. St. 1913, § 9644), in which it is provided that:

"If a debtor shall, directly or indirectly, in contemplation of filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, * * * the transaction shall be re-examined by the court on the petition of the trustee or any other creditor, and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

The provisions of this section were fully considered by the Supreme Court in Re Wood and Anderson, 210 U. S. 246, 28 Sup. Ct. 621, 52 L. Ed. 1046. The objection to the payment of money to attorneys can be raised only upon petition of the trustee or a creditor, when the court will summon the attorney before it and give him an opportunity to be heard in regard to the only question open—its reasonableness. It is said the act—

"recognizes the right of * * * a debtor to have the aid and advice of counsel, and, in contemplation of bankruptcy proceedings which shall strip him of his property, to make provisions for reasonable compensation to his counsel. And in view of the circumstances, the act makes provision that the bankruptcy court administering the estate may, if the trustee or any creditor question the transaction, re-examine it with a view to a determination of its reasonableness."

It is further held that, if the court shall, upon such examination, find the amount paid to be unreasonable, it will direct the attorney receiving the compensation, to pay over to the trustee such amount as may be found to be in excess of a reasonable compensation for his services. It is entirely proper for a debtor, contemplating filing a voluntary petition in bankruptcy, or anticipating that creditors will file

a petition against him in involuntary bankruptcy, to employ counsel and pay out of any money in his hands, or secure by any property which he may own, a fair, reasonable compensation for his services in respect to such proceedings. The only limitation upon his right to do so is that the amount paid, or secured, be reasonable and in good faith. When this question is raised by a petition filed by the trustee or a creditor, the attorney shall have an opportunity to be heard. If it is found that the amount paid him is unreasonable, an order will be made that he pay over the excess to the trustee, in the same manner as any other person would be directed to pay over an amount of money, or deliver property in his possession which rightfully belongs to the trustee.

"The transfer to counsel may be wholly sustained; it is certainly valid to the extent that it is reasonable. It is neither a preference nor a fraudulent conveyance, as defined by section 60b or 67e of the act." In re Wood, supra.

The payment of the amount to his attorney, if found to be excessive, is in no proper sense a fraud upon the creditors, unless it is further found that it was paid with the understanding that a part of the amount should be repaid to the bankrupt. This would, of course, be a "fraudulent concealment" and constitute a basis for objection to granting a discharge. A transaction of this character would not, however, come within the provisions of section 60d, which is said by the court, in Wood's Case, to be "sui generis."

I can find no ground for holding that the right to have his exemptions allotted is affected by the payment of the money to his attorney —even if found, in a proper proceeding, to be excessive. While the question is not properly presented, I deem it proper to say that I see no reason for holding that the sum paid ($100) to his attorney by the bankrupt in this case is excessive. I do not perceive any foundation for the complaint of the payment to the clerk of this court of $35 on account of cost in this proceeding. If it had not been paid, at the time of filing, and the amount had been scheduled and paid to the trustee, it would have been applied to the cost as it accrued. I am at a loss to perceive how the creditors could have been injured, or have sustained any loss, by the course pursued by the bankrupt in regard to this matter. Conceding that the bankrupt should have paid the sum of $15 to the trustee, instead of carrying his family to Clark, there was no fraudulent concealment of the money which, from any possible viewpoint, deprived him of his exemptions, or entitled the trustee to have it deducted therefrom.

In regard to the item of furniture paid for by the bankrupt and given to his wife, it is sufficient to say that if, in doing so, he committed a fraud upon his creditors, the trustee may, in an appropriate proceeding, recover the property; but he cannot compel the bankrupt to take it as a part of his exemption, or compel her in the summary way proposed to surrender it. He cannot raise and try an issue of fraud by the method proposed. While the ruling of the referee should be sustained, because of the erroneous method of procedure adopted by the trustee, I have thought proper to decide the questions raised upon their merits. I notice that counsel have submitted a "case on appeal"

and a "counter case." The procedure prescribed by section 39 of the act and General Order 27 should be followed. It is not an "appeal," but a petition to review, and is heard upon the certificate of the referee and such evidence as he sends to the judge. Collier on Bankruptcy, pp. 610, 1077, where the practice is prescribed and authorities cited. In enforcing statutes, it is always best to follow the methods prescribed.

The record before me indicates that considerable cost and expense has been incurred. This should always be kept in view. While it is desired that all questions affecting the rights of creditors should be raised and decided, care should be had to avoid burdening the estate with unusual costs.