## SLATTERY v. DILLON.

### In re READ.

(Circuit Court of Appeals, Ninth Circuit. February 14, 1926.)

No. 4879.

1. Bankruptcy �köm288(6)—Attorney, to whom money has been paid in contemplation of filing of petition in bankruptcy, may be proceeded against summarily, or by order to show cause, rather than by plenary suit. (Bankruptcy Act, § 60d [Comp. St. § 9644]).

Under Bankruptcy Act, § 60d (Comp. St. § 9644), attorney, to whom money has been paid in contemplation of filing of petition in bankruptcy, is not an adverse claimant of such fund, against whom plenary suit must be brought by trustee, but may be proceeded against summarily, or by order to show cause.

2. Bankruptcy ⊚═101—Bankrupt estate is regarded as in custodia legis from filing of petition.

The exclusive jurisdiction of the bankruptcy court is so far in rem that the bankrupt estate is regarded as in custodia legis from the filing of the petition.

3. Bankruptcy ⊚═164—As to his attorney, whom bankrupt pays bankrupt's property is trust estate from time he contemplates bankruptcy by or against him.

As to an attorney, to whom money is paid in contemplation of filing of petition in bankruptcy, the property of the bankrupt is trust estate from the time the debtor contemplates bankruptcy by or against him.

4. Bankruptcy ⊚═467(1)—Admission of testimony of bankrupt and his attorney, given on general examination in proceeding on order to show cause against attorney, held not prejudicial (Bankruptcy Act, § 60d [Comp. St. § 9644]).

In proceeding by order to show cause, under Bankruptcy Act, § 60d (Comp. St. § 9644), against attorney to whom debtor had paid money in contemplation of filing of petition, admission in evidence of testimony of bankrupt and attorney, given on general examination of bankrupt, held not prejudicial; the attorney's testimony being plainly admissible as substantive proof, and for purpose of impeachment.

5. Bankruptcy ⊚═440(1)—Order requiring bankrupt's attorney to return money paid him by bankrupt held reviewable by appeal, rather than by petition to revise (Bankruptcy Act, § 25a, subd. 3, and § 60d [Comp. St. §§ 9609, 9644]).

Under Bankruptcy Act, § 25a, subd. 3 (Comp. St. § 9609), order of referee, under section 60d (section 9644), requiring bankrupt's attorney to return to trustee money paid him by bankrupt, is reviewable on appeal, rather than by petition to revise.

Appeal from the District Court of the United States for the District of Oregon.

In the matter of the bankruptcy of George W. Read. From an order of the District Court, confirming an order of the referee requiring H. E. Slattery, attorney at law, to return to C. S. Dillon, trustee, a sum of money paid him by bankrupt, H. E. Slattery appeals. Affirmed.

H. E. Slattery, of Eugene, Or., in pro. per.

S. J. Bischoff, of Portland, Or., and Donald Young, of Eugene, Or., for appellee.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

KERRIGAN, District Judge. This is an appeal from an order of the District Court, confirming an order made by the referee in bankruptcy under section 60d of the Bankruptcy Act (Comp. St. § 9644) upon petition by the trustee in bankruptcy of George W. Read, bankrupt, directing H. E. Slattery, an

attorney at law, to return to said trustee a sum of money paid to him by the bankrupt shortly prior to the commencement of bankruptcy proceedings and in contemplation of insolvency.

George W. Read, a contractor of Eugene, Or., becoming financially involved, consulted H. E. Slattery on November 11, 1925, concerning his affairs. Voluntary bankruptcy was decided upon, and the usual schedules prepared. Read paid Slattery $500 for services rendered and to be rendered in the matter. Shortly prior to consulting this attorney, Read had prematurely and illegally collected from the city of Eugene $13,696.26 upon contract work, the receipt or possession of which money he did not disclose to Slattery upon his first visit, but did so three days thereafter, viz. on November 14th. It was then decided not to file the petition in bankruptcy, but instead that Read should make an assignment for the benefit of creditors under the state law. This assignment, although prepared, was not filed until December 16th, and nothing was done under it; the assignee failing to act.

In the meantime, on said November 14th, Read delivered to Slattery a check for $2,000, and in resisting the proceeding before the referee it was, and is now, claimed by Slattery that this sum was paid to him as an additional attorney's fee, but for services to be rendered other than such as were necessary in connection with the insolvency proceeding. At the same time Read delivered to Slattery a check in the sum of $1,000, the proceeds of which, when cashed, were to be given to Read's wife. These checks were presented by the attorney and payment received thereon before 9 o'clock a. m. of the day of their receipt; entrance to the bank on which they were drawn being had through a side door. On the same day Read disappeared from Eugene, not returning until about six weeks later. Thereupon a petition in involuntary bankruptcy was filed against Read, and an adjudication in bankruptcy was made thereon on January 16, 1926. Three days thereafter both Read and Slattery were examined before the referee concerning the payments of money mentioned.

Petition by the trustee for an order that the money be returned by Slattery, and an order to show cause thereon, followed. Slattery objected to the jurisdiction of the referee to proceed on order to show cause, urging that he was an adverse claimant to the fund, and that the trustee's remedy was by plenary suit. The referee proceeded to a determination of

the matter upon the merits, and, as a result thereof, held that the $2,500 paid by Read to his attorney was so paid in contemplation of insolvency, that the reasonable value of the attorney's services was $250, and ordered that the balance of $2,250 be paid by Slattery to the trustee. This order of the referee was confirmed by the District Court upon review and the matter is now here by appeal.

[1] Section 60d of the Bankruptcy Act reads as follows:

"If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty for services to be rendered, the transaction shall be reexamined by the court on petition of the trustee or any creditor and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

[2] This paragraph, it is seen, is concerned with payments to attorneys, solicitors in equity, or proctors in admiralty before petition filed. Payments to such persons out of a bankrupt's estate after such filing would come under the general powers of the court to summarily investigate transfers of bankrupts' property after petition filed. "The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the filing of the petition." Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 307, 32 S. Ct. 96, 56 L. Ed. 208. The paragraph referred to confers jurisdiction by summary proceeding, on order to show cause, over this particular class in transactions of the character specified, who would, except for this special provision, be in the same position as ordinary adverse claimants, entitled, if a question arose of the legality of payments to them, to have it litigated in a plenary suit.

[3] The section, it has been said, is sui generis. It subjects attorneys to a summary investigation concerning transactions with the debtor of the character mentioned. As to them the property of the bankrupt is a trust estate from the time the debtor contemplates bankruptcy by or against him. In the case of Pratt v. Bothe (C. C. A.) 130 F. 670, the court, referring to section 60d, says:

"It would rather seem that Congress, engaged, as many signs indicate, in guarding the assets of those in contemplation of bankruptcy, to the end that they might be brought

without unnecessary expenditure to the hands of the trustee for distribution to creditors, while it would not deny to the debtor the right to employ and pay for legal assistance in his affairs during that critical period, yet proposed a restraint upon that privilege by requiring that such payment should be reasonable in amount—in short, proposed to apply to the incipient stage of bankruptcy the provident economy which it sought to apply to the administration of the bankrupt estate. It may have been thought that there was the same reason for such restraint at that stage of affairs as subsequently. And it is to be observed that the transaction would not become the subject of revision unless bankruptcy ensued."

In re Wood and Henderson, 210 U. S. 246, 28 S. Ct. 621, 52 L. Ed. 1046, the Supreme Court quotes the foregoing excerpt from Pratt v. Bothe, and further says:

"Section 60d is sui generis, and does not contemplate the bringing of plenary suits or the recovery of preferential transfers in another jurisdiction. It recognizes the temptation of a failing debtor to deal too liberally with his property in employing counsel to protect him in view of financial reverses and probable failure. It recognizes the right of such a debtor to have the aid and advice of counsel, and, in contemplation of bankruptcy proceedings which shall strip him of his property, to make provisions for reasonable compensation to his counsel."

In the case last cited the contention was made, as here, that an investigation of the payment to the attorneys could only be made in a suit therefor and which, before the amendment of the Bankruptcy Act in that respect in 1903 (36 Stat. 842), must have been brought in a state court, but the contention was disallowed, the court saying: "We reach the conclusion that no re-examination can be had in this transaction, except in the District Court of the United States administering the estate."

As the basis for his contention made before the referee that the matter could only be investigated in a plenary suit, and that the referee was without jurisdiction to proceed summarily, Slattery, as a witness, testified that the $2,000 was paid to him, not on account of services to be rendered by him in the bankruptcy proceeding, but for other legal services to be rendered, such as advice given to Read concerning his general business, and also concerning some difficulty he was having with a woman. The referee gave no credence to this testimony, and, in view of the absence of evidence of any substantial service rendered or to be rendered under this head, concluded that the claim was merely colorable, and was advanced in bad faith in an effort to justify a reckless disposition by the bankrupt of his assets.

But even if otherwise, the circumstances under which the payment of this sum was made would still bring it within the summary jurisdiction of the referee to re-examine. In the case to which we have already referred, Pratt v. Bothe, supra, the court calls attention to "the language of the paragraph [60d] which includes services rendered not only by an attorney, but those rendered by a 'solicitor in equity or a proctor in admiralty,'" and then states: "This generalization seems to indicate that the services contemplated were such as might be required in general litigation or in the course of the debtor's business." The construction thus given to the section is approved by the Supreme Court. In re Wood and Henderson, supra.

The section of the Bankruptcy Act under consideration was also construed in the case of Harry F. Tripp, Trustee, v. Charles Nitschrich (C. C. A.) 211 F. 424; the court saying: "The words 'in contemplation of bankruptcy' refer to the state of mind of the debtor, not of the attorney. This results from an even casual reading of the section." The test as to the authority of the referee to proceed summarily under section 60d is: Was the payment to the attorney made at a time when the debtor was 'in contemplation of the filing of a petition by or against him." The referee found that the payments to Slattery were so made. If the record supports such conclusion, the referee had authority to determine the merits. We find that the record amply supports his conclusion. It discloses that immediately upon his employment Slattery prepared schedules in bankruptcy, but, when he learned that Read had collected $13,696.28 from the city of Eugene, the assignment for the benefit of creditors was conceived.

Such assignment itself was an act of bankruptcy, the probable result of which—the filing of a petition against him—Read must have contemplated, especially in view of the fact of his immediate disappearance from Eugene. Slattery testified: "I preserved the schedules, so I could use them if I failed to effect a settlement with the creditors." True, this is contemplation in the mind of the attorney, not Read; but the statement is enlightening as to the weight to be given the assignment as evidencing, as contended by Slattery, an abandonment of contemplated proceedings in bankruptcy. Read testified:

"Well, I got to thinking over the bankruptcy. I figured to take this money (the $13,696.28) and win enough (by gambling) to pay my creditors, and I gave him $2,000 to hold the creditors off until I filed a petition in bankruptcy."

We consider it unnecessary to further review the evidence. The facts established fully justify the order made.

[4] The appellant assigns as error the admission upon the hearing of the testimony given by Read and Slattery upon the general examination of the bankrupt. The testimony of Slattery was plainly admissible, both for impeachment purposes and as substantive proof. While the record shows that after the referee had ruled upon the merits, Read's testimony was formally offered and admitted, it is clear that neither the referee nor the District Judge considered it; and in fact it is not incorporated in the record before us. Plainly, therefore, we cannot say that its formal reception by the referee was prejudicial.

[5] The trustee contends that the appeal should be dismissed for the reason that the proceeding under section 60d is administrative, and can be brought here only by petition to revise. The same point was presented in Pratt v. Bothe, supra, and the matter was held to be properly before the court on appeal. As the proceeding is sui generis, and as only by appeal can the facts be brought up, we agree with this conclusion. The order amounts to the disallowance of a claim appealable under section 25a (3), being Comp. St. § 9609.

For the reasons given the order is affirmed.