## In re FALK et al.
## MICHELBACHER v. HAAR.

Circuit Court of Appeals, Second Circuit.
February 4, 1929.

No. 138.

C. Edward Benoit, of New York City (Julius J. Abeson, of New York City, of counsel), for appellant.

David Haar, of New York City, in pro. per.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. The appellee, David Haar, is a counselor at law. Falk and Leibel consulted Haar about their financial condition, showed him their books, and he found that they were insolvent. He advised them not to sell their assets, consisting of women's wearing apparel, as was

proposed, but to have bankruptcy proceedings instituted, and, at his suggestion, an involuntary petition in bankruptcy was filed against them. The assets were sold by the receiver and realized approximately $3,000. After the involuntary petition was filed, Haar attended examinations under section 21a (11 USCA § 44(a), at which the bankrupts had been called to testify; attended one meeting of creditors, as well as a meeting of a committee of creditors; prepared the schedules and gave such information as he had with respect to the bankrupt estate. He also advised the bankrupts in respect to their examination, and as to their life insurance policies, and was generally helpful as their attorney.

At the time when Falk and Leibel first consulted him, he told them that his fee for services would be $1,000, and, inasmuch as they had no money to pay him, they assigned to him accounts receivable, from which he realized $600, and afterwards $100 more through a settlement of an action to collect one of the accounts. Certain other of the assigned accounts were collected by the receiver.

The referee, evidently because he thought the compensation too large, directed the trustee to bring on a hearing under section 60d of the Bankruptcy Act (11 USCA § 96(d) for a re-examination. Accordingly the trustee, without filing a petition, served a notice upon Haar that a hearing under section 60d of the Bankruptcy Act would be brought on before the referee at a time and place named in the notice. Haar appeared on the return day and was directed by the referee to file a petition setting forth his services. He filed a petition enumerating the above services without making any objection to the form of the proceeding or to the jurisdiction of the referee. Thereafter the referee allowed him $250 in full of all services and disbursements, and ordered him to return the balance of the $700, namely, $450, to the trustee. Upon review, the District Court reversed this order, on the ground that the referee had no jurisdiction to make it, and that the proceedings were improperly brought before him. From the order of reversal by the District Judge, the trustee appealed to this court.

The questions of law involved on this appeal relate to the meaning and effect of section 60d of the Bankruptcy Act (11 USCA § 96 (d). That section provides:

"If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty for services to be rendered, the transaction shall be re-examined by the court on petition of the trustee or any creditor and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

▮ Haar objected to the proceeding because it was not founded upon a petition by the trustee as prescribed by section 60d. It can hardly be doubted that the referee or the District Court had the power to order the trustee to institute such a proceeding, if the situation seemed to call for it, even though the trustee, as was the case here, thought that the accounts transferred did not constitute too high a fee for the services rendered. International Agricultural Corp. v. Cary (C. C. A.) 240 F. at pages 104, 105. It was doubtless an irregularity for the trustee to proceed without filing a petition setting forth the payments of money or the transfers of property to be re-examined, for section 60d provides that "the transaction shall be re-examined * * * on petition of the trustee. * * *" But the provisions of the statute are directory, and may be waived by the appearance of the respondent and his failure to object to the form of the proceeding, as was the case here. The proceeding is summary and administrative, and, while Haar was an adverse claimant, he was not one against whom a plenary suit had to be brought. In re Wood, 210 U. S. 246, 28 S. Ct. 621, 52 L. Ed. 1046, Slattery v. Dillon (C. C. A.) 17 F.(2d) 347.

The situation here differs from that of In re Rosser (C. C. A.) 101 F. 562, where there had been no notice served on the bankrupt. There a turnover order was sought, and the order was made solely as the result of an examination under section 21a. Such an examination is ex parte, and a turnover order, made upon it alone, was made without due process.

In re Raphael (C. C. A.) 192 F. 874, is likewise not in point. There the lower court had ordered a law firm to repay a fee received from the bankrupt in contemplation of bankruptcy, and within a few days prior to the filing of the petition. But the proceeding there, though begun by a petition, was in essence a plenary suit under section 23 of the Bankruptcy Act (11 USCA § 46) to recover moneys which belonged to the bankrupt estate. Neither by the pleadings nor the proof was notice given to the attorneys that the reasonableness of the payment of $1,000 as a fee was being inquired into. Under such circumstances the Circuit Court of Appeals for the Seventh Circuit held that the attorneys

were not afforded due process and that the order directing them to return the fee should be reversed.

There can be no doubt that in the present case the attorney was informed in the notice served upon him that the proceeding was to re-examine the reasonableness of his fee. The reference to section 60d in the notice could have no other meaning. He filed a written statement under oath of the nature and extent of his services. He asked for no opportunity to testify or prove anything further, and the matter was submitted on his affidavit only. To be sure, he now complains of the lack of a hearing, and of a failure on the part of the referee to decide the matter upon oral testimony. Why such a mode of disposing of the case was necessary, when allowances after bankruptcy are almost always fixed upon affidavits cannot be readily understood. Collier, in his book on Bankruptcy (13th Ed.) at page 1338, says, when referring to section 60d: "The motion may be heard on affidavits or orally."

We can discover no reason for sending back a simple motion like the present in order to take testimony, especially when the attorney showed no sign at the time of the hearing that he desired such procedure, and his own affidavit was the only thing before the court. We hold that there was no failure of due process of law.

Under section 60d, the court had the power to order the return of any payments in excess of a reasonable amount. It is said that in the case of In re Wood, 210 U. S. 246, 28 S. Ct. 621, 52 L. Ed. 1046, nothing more was done than to re-examine the payments to determine the excess over what was reasonable compensation, and to direct the trustee to bring an action to recover such excess. But in that case personal service had not been made on the attorneys within the district. Here personal jurisdiction was obtained over Haar, and the return of anything due from him might be properly ordered as was done by the court in Slattery v. Dillon (C. C. A.) 17 F.(2d) 347. See In re Humphreys (D. C.) 221 F. 997. Indeed, Mr. Haar does not dispute that the referee had jurisdiction of the subject-matter, and he concedes that, if a proceeding had been instituted upon a proper petition and the court had held that the fee paid him was in excess of reasonable compensation, an order to return the overplus to the trustee would have been the proper procedure. See appellee's brief, p. 21.

The remaining question of law is as to what services come within the scope of section 60d. The referee seems to have allowed

compensation for all the services which Haar recited in his affidavit, whether they were rendered prior to the filing of the petition in bankruptcy or were rendered thereafter to aid the bankrupt to comply with the Act. But section 60d is only to fix compensation for services rendered before the filing of the petition. This we held in Re Rolnick, 294 F. 817, and the Circuit Court of Appeals of the Sixth Circuit is in accord. Pratt v. Bothe, 130 F. 670. See, also, In re Stolp (D. C.) 199 F. 488; Slattery v. Dillon (C. C. A.) 17 F.(2d) 347; In re Habegger (C. C. A.) 139 F. 623, 3 Ann. Cas. 276; In re Klein-Moffett Co. (D. C.) 27 F.(2d) 444.

There is a divergence of opinion as to whether section 60d allows payment providing the filing of a petition was in contemplation, for all kinds of services to the insolvents prior to the filing of the petition, such as services in general litigation or in the course of debtors' business, or whether it only allows payment for those services described by Judge Geiger in Re Stolp, supra, as "germane to the general aims of the Bankruptcy Act." But we need not pass on this question here because the services rendered by Haar before the filing of the petition were concerned with obtaining information as to the financial condition of the bankrupts, examining their books, arranging for the filing of an involuntary petition, and informing them that they should not sell their merchandise in order to pay a single insistent creditor. All the services were "germane to the general aims of the Bankruptcy Act."

It does not appear with certainty whether the transfer of the accounts was made at the time of the first interview with Haar, or at the second; but the inference seems reasonable that the filing of a petition was in mind at the beginning. If such be the fact, we think it can make no difference whether the transfer was made at or after the professional engagement was entered into. The object of section 60d was to afford the bankrupt representation by counsel, who would not have to take chances as a general creditor, but might know that a reasonable fee was assured, and hence would be zealous to render active service in what is often a difficult situation. It also safeguarded the estate by enabling the trustee to secure a summary reexamination of the propriety of any fee paid. It seems quite immaterial, therefore, whether the payment was made at the beginning of the service or later, providing bankruptcy was in contemplation during the time when all the services compensated for were rendered, and the payment was for services

which were to be rendered when the professional engagement was entered upon.

To read the statute so strictly as to deprive bankrupts of the services of an attorney, who could be assured of reasonable compensation, involves a construction of the statute which impairs its beneficial effect and was rejected in the following cases: In re Cummins (D. C.) 196 F. 224; In re Klein-Moffett Co. (D. C.) 27 F.(2d) 444. An allowance also seems to have been made in Pratt v. Bothe, supra, for certain of the services which were performed prior to the transfer of any property by the debtors. Judge Addison Brown, in his opinion in Re Kross (D. C.) 96 F. at page 819, though discussing the question of what allowance could be made under section 64 (11 USCA § 104) for services prior to the filing of a voluntary petition, said:

"I cannot agree to any such construction of the act as would deprive the attorney of a proper compensation for a necessary service, merely because he did not take it out of the estate at his own estimate in advance."

Compensation for services rendered subsequent to the filing of the petition has to be awarded under section 64b (3), which allows "one reasonable attorney's fee, for the professional services actually rendered, * * * to the bankrupt in involuntary cases while performing the duties * * * prescribed. * * *" Payment for such services, which is made from the estate, can only be allowed pursuant to a notice issued by the referee stating by whom and in what amount the compensation is sought. General Order in Bankruptcy No. 42, promulgated April 13, 1925.

Judge Severens, in discussing section 64b, in Pratt v. Bothe, said in an opinion in which Lurton and Richards, JJ., concurred:

"It would be anomalous that the debtor, by preconcert with his attorney, could defeat that provision by an agreement for a benefit to accrue to the bankrupt after the proceedings should be inaugurated, and make the compensation therefor a privileged claim. By section 64b, the law provides for compensation to an attorney who assists the bankrupt in performing the duties imposed upon him. But this is done for the purpose of facilitating the proceedings, and for the benefit of the estate. It is not done in recognition of any contract obligation of the bankrupt."

In view of the foregoing authorities, we think that the referee was in error in awarding compensation under section 60d for services after the filing of the petition. He should have made an allowance only for services rendered before. These prior services we value at $150. The balance of the $700 collected by Haar must be returned to the estate. Such compensation for services since the petition was filed as may be proper must be sought under section 64b and General Order 42.

The order of the District Court is reversed, and that of the referee modified, so as to fix the compensation for services rendered by Haar prior to the filing of the petition in bankruptcy at $150, and to require him to turn over the balance of the $700 collected, to wit, $550 to the trustee, without prejudice, however, to his right to apply for compensation from the bankrupt estate under section 64b for services rendered since the date of the filing of the petition.