## Furth, Appellant, v. Stahl.

205     439
e 24 SC ¹128

205     439
224     )518

*Practice, C. P.—Auditor—Opinion of court.*

Where a court overrules the report of an auditor, it should file an opinion stating its ground for so doing.

*Bankruptcy—Mortgage—Sale of real estate—Consent—Estoppel—Jurisdiction.*

Where a trustee in bankruptcy expressly agrees that real estate of a bankrupt shall be sold under a mortgage, he is estopped from contesting the jurisdiction of the court to appoint an auditor to report distribution of the fund raised by the sale.

Where a court has in its own hands a fund raised by its own process, its jurisdiction to appoint an auditor to distribute the fund does not depend upon any one's consent.

*Bankruptcy—Preference—Future consideration.*

A pledge or payment for a consideration given in the present or to be given in the future whether in money or goods or services is not a preference. The object of prohibiting preferences is to prevent favoritism whether for secret benefit to himself or other reason among a debtor's creditors who ought in fairness to stand on the same footing. A transaction by which the debtor parts with something now, in return for something he acquires or is to acquire in the future is not within the mischief the bankrupt act was aimed against.

*Bankruptcy—Counsel fees—Mortgage—Preference—Section 60 of the federal bankrupt act.*

Under section 60 of the federal bankrupt act, a person who anticipates the filing of a petition in bankruptcy against himself, may employ an attorney and give to him a mortgage to secure to him payment of his fees for services to be rendered in the bankruptcy proceedings. All that the court can do is to determine whether the amount of the mortgage is reasonable. The counsel fees referred to in section 64 of the act are of an entirely different kind, and that section has no bearing upon the fees referred to in section 60.

Argued Jan. 12, 1903. Appeal, No. 185, Jan. T., 1901, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1900,

No. 458, sustaining exceptions to auditor's report in case of Emanuel Furth v. Gustav Stahl. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Exceptions to report of A. M. De Haven, Esq., auditor.

From the auditor's report it appeared that on November 24, 1899, the firm of Stahl & Straub, composed of Gustav Stahl and Joseph H. Straub, stock brokers, suspended payments. On the following day Emanuel Furth, Esq., a member of the Philadelphia bar, was retained by Stahl. Shortly afterwards Stahl agreed to give to Mr. Furth a second mortgage on real estate to secure Mr. Furth's fees for services in bankruptcy proceedings which were then in contemplation by creditors. The mortgage was executed on December 19, 1899, while the efforts of Mr. Furth were in progress to avoid the bankruptcy proceedings. The petition in bankruptcy was filed on December 28, 1899.

The auditor in a long and elaborate report sustained the jurisdiction of the court in appointing the auditor, and also found that the mortgage was not a preference, and that the amount of it was not unreasonable.

Exceptions to the auditor's report were sustained by the court without an opinion filed.

*Errors assigned* were in sustaining exceptions to auditor's report.

*John G. Johnson*, with him *Max Herzberg* and *Jacob Singer*, for appellant.—The state court having custody of the fund, has jurisdiction to distribute it : Bardes v. Bank, 4 Am. Bank. Rep. 163 ; Louisville Trust Co. v. Comingor, 7 Am. Bank. Rep. 421.

The mortgage given was not a preference : In re Little River Lumber Co., 1 Am. Bank. Reps. 483 ; In re Davidson, 5 Am. Bank. Rep. 528 ; In re Durham, 8 Am. Bank. Rep. 115.

Payment to an attorney for services to be rendered is permitted and recognized by the bankrupt act : In re Kross, 3 Am. Bank. Rep. 187.

*Julius C. Levi*, for appellee.—The mortgage was a prefer-

ence : Carson et al. v. Chicago Title & Trust Co., 5 Am. Bank. Rep. 814; In re Kross, 3 Am. Bank. Rep. 187; In re Lewin, 4 Am. Bank. Rep. 632; Tiffany v. Boatman's Institution, 18 Wall. 375.

OPINION BY MR. JUSTICE MITCHELL, May 4, 1903:

It is to be regretted that the court did not file an opinion, or give reasons in any form for its decree. Where the decision of an auditor, referee or other officer acting in a judicial capacity is overruled by the court, justice to the court itself as well as to the officer and the parties, suggests that the reasons should be stated. In the present case to a careful and elaborate report made by the auditor, the court's own officer, exceptions which went merely to the result without indicating the grounds were sustained. No reasons were given by the court and no sufficient ones are advanced by the appellee or perceived by this court. We are obliged therefore to discuss the case from the report of the auditor.

The jurisdiction of the court is clear. The auditor found, and it is not questioned, that the trustee in bankruptcy expressly agreed that the property should be sold under the mortgage. For this there was good reason, as such sale, divesting dower, would be likely to bring a larger fund than a sale under the bankruptcy proceedings which would leave the dower existing as an inchoate incumbrance. The purchase money was then paid into court and an auditor appointed to report distribution on the petition of the trustee. He was therefore estopped from contesting the jurisdiction.

But independently of his acts or agreement the jurisdiction is clear. The court was distributing a fund in its own hands raised by it on its own process. Its authority to do so did not depend on any one's consent. See Bardes v. Hawarden Bank, 178 U. S. 524; Louisville Trust Co. v. Comingor, 7 Am. Bank. Rep. 421.

The second question raised before the auditor and elaborately discussed by him is equally clear. The appellant was the mortgagee in the mortgage upon which the fund was realized, the mortgagor being one of the bankrupt firm, and the point made against the claim is that it was void as a preference under the bankrupt act. But under the facts as found and

reported by the auditor, it was within the express exception of paragraph 4 of section 60 of the act, " If a debtor shall; directly or indirectly in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty for services to be rendered, the transaction shall be re-examined by the court, on petition of the trustee or any creditor, and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

A pledge or payment for a consideration given in the present or to be given in the future whether in money or goods or services is not a preference. The object of prohibiting preferences is to prevent favoritism whether for secret benefit to himself or other reason among a debtor's creditors who ought in fairness to stand on the same footing. A transaction by which the debtor parts with something now, in return for something he acquires or is to acquire in the future is not within the mischief the act was aimed against. Section 60 therefore expressly recognizes this class of transactions but as it is capable of abuse, provides for a re-examination and reduction if necessary to a reasonable amount, by the court on petition of the trustee or a creditor. No such examination has been called for in the present case, and the auditor finds expressly that the amount of plaintiff's fee was reasonable for the services rendered.

It was urged before the auditor that the services were not of the kind mentioned in section 64 of the act, and therefore could not be allowed. But the two sections have no necessary connection. The language of section 64 is " the debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the petitions; (2) the filing fees paid by creditors in involuntary cases ; (3) the cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, to the bankrupt

in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary cases, as the court may allow," etc. Clause 3 is the one under which the objection is made. The two sections have entirely different objects. Section 64 defines the debts which are to have priority and be paid in full by virtue of the statute itself, without regard to any act or agreement of the parties. The services of an attorney included in this class are those " actually rendered . . . . while performing the duties herein prescribed." The services referred to in section 60 on the contrary are those " to be rendered " which are paid for in advance " in contemplation of the filing of a petition by or against " the bankrupt. Such fees are not determined by the statute and allowed in full out of the bankrupt estate as the other class are, but depend both as to payment and amount on the acts of the parties, and what the statute does is to recognize the validity of their payment but subject the reasonableness of the amount to the supervision of the court. The services of the plaintiff belong to this class. They were none the less rendered in contemplation of the filing of a petition in bankruptcy, because directed primarily and principally to the prevention of such petition. A man is usually very much in contemplation of a result which he employs counsel to avoid.

The argument of the appellee in this court is based on the view that as the mortgage was not actually executed until after the services of the plaintiff were partly rendered, it was a payment or pledge for an antecedent debt and therefore must stand in the same class as the claims of general creditors. But this view ignores the facts as found by the auditor. The plaintiff was retained as counsel on November 25 and within a few days his compensation was agreed upon " without regard to the length of time occupied," the services as already noted being primarily to try to arrange the affairs of the firm with the creditors so as to avoid proceedings in bankruptcy. The mortgage was executed on December 19, while the efforts of plaintiff were still in progress, and the petition in bankruptcy was not filed until December 28. The character of the act as to whether it should be regarded as a preference or not must be determined by the circumstances under which it was done. Here the compensation was agreed to in advance on the retainer

of the plaintiff and payment by the mortgage was made during the continuance of his professional efforts "in contemplation of the filing of a petition." It was within the letter as well as the spirit of the act.

The judgment is reversed and distribution directed to be made in accordance with the report of the auditor, the costs of this appeal to be paid by the appellee, Frank M. Crawford.