In re CUMMINS.

In re CROCKER.

(District Court, S. D. New York. May 6, 1912.)

BANKRUPTCY (§ 170*)—PAYMENTS TO ATTORNEY—LEGALITY.

Under Bankr. Act July 1, 1898, c. 541, § 60d, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3446), which provides that if a debtor shall in contemplation of bankruptcy pay money or transfer property to an attorney "for services to be rendered the transaction shall be re-examined by the court on the petition of the trustee or any creditor, and shall only be valid to the extent of a reasonable amount," etc., the payment by a bankrupt to an attorney of a reasonable fee for services in relation to his indebtedness is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

valid, and not preferential, whether such payment was made before or after the services were rendered.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 267, 271; Dec. Dig. § 170.*]

In the matter of William J. Cummins, bankrupt. On report of special master as to the claims of Frank L. Crocker. Report confirmed.

Parsons, Closson & McIlvaine and Samuel S. Koenig, for trustee. Crocker & Wickes, for claimant.

MAYER, District Judge. The trustee opposes the confirmation of the report of the special master, which, in effect, upholds the transfer of an automobile (agreed to be worth $600) to an attorney for professional services. At the same time the trustee moves that the expenses of the proceeding be paid by the attorney. The special master has reported at length, and I shall refer only to one question involved.

The claimant, Frank L. Crocker, was retained by the bankrupt as his attorney on January 14, 1911, and for some weeks examined into the complicated financial affairs of the bankrupt, evidently hoping to disentangle them, but finally concluding that bankruptcy was inevitable. On February 21, 1911, while in Nashville (where the bankrupt had certain property and interests), the bankrupt, being then without ready funds, transferred an automobile to Mr. Crocker, stating that he would be glad to have Mr. Crocker take it and sell it, and apply the proceeds on account of disbursements and fees for services rendered and which might thereafter be rendered. Mr. Crocker testified that his services and disbursements down to the date of the transfer amounted to $600, and he does not make any claim for services rendered from that date until April 11, 1911, when the petition in bankruptcy was filed.

Mr. Crocker relies upon section 60d of the Bankruptcy Law, while the trustee urges that the transfer was preferential, and is not saved by the section above mentioned because the payment was for services already rendered and not to be rendered. Section 60d is as follows:

"If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty for services to be rendered, the transaction shall be re-examined by the court on the petition of the trustee or any creditor and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

The contention of the trustee is in effect that, if a debtor in contemplation of the filing of a petition by or against him retains an attorney to advise and act for him, the attorney must then and there get his fee, else he will become a general creditor. In other words, a lawyer is to be deprived of the safeguard of the statute because he has the decency not to insist on an immediate retainer in money or property, and is willing to wait until he can decide what his fee

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

196 F.—15

ought to be in the light of service actually rendered. There is no reason why statutes, under familiar canons, cannot be construed sensibly.

The Congress has given the court full power to re-examine such a transaction with a view of ascertaining its good faith, and then determining whether the fee is reasonable. What is meant, by the statute, is that a debtor, under the circumstances therein described, may fully pay an attorney reasonable compensation for services to be rendered, and it is immaterial whether the payment is made at or after the professional engagement is entered into. Upon the re-examination provided for by the statute, it should not be difficult to determine either the bona fides or the reasonableness of the charge. In this case, the attorney acted in strict accord with his professional obligations, and, indeed, his fee was noticeably moderate.

He will not be penalized by an order to pay the expenses of a proceeding in which he was called upon to defend a proper and well-earned fee.