In re KELLER.

In re RABINOWITZ & KOEN.

(District Court, S. D. New York.   June 12, 1913.)

1. BANKRUPTCY (§ 482*)—ALLOWANCE OF ATTORNEY'S FEES.
    Where a rule of court fixes the scale of fees allowable to attorneys in bankruptcy proceedings, such allowances should not be increased, except in most unusual cases.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

2. BANKRUPTCY (§ 482*)—ATTORNEY'S FEES—ALLOWANCE TO BANKRUPT.
    In voluntary proceedings, the attorney for the bankrupt may properly be allowed a docket fee for filing application for discharge if there is no contest; if there is a contest made by the trustee at the instance of the creditors, which is unsuccessful, he may be given a larger allowance from the estate, but, where an unsuccessful contest is made by one or more creditors, the question of costs should be settled inter partes in that proceeding.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

In Bankruptcy. In the matter of Eleanor S. Keller and of Rabinowitz & Koen, bankrupts. Orders as to allowance of attorney's fees.

Winthrop & Stimson, of New York City, for plaintiff.
Gordon Ireland, of New York City, for defendant.

HAND, District Judge. [1] It is very probable that in these cases the allowance under "Instructions to Referees," chapter 8, is not adequate compensation for the work done. However, like every other lawyer's charges, the return must depend very much upon the amount involved. This is especially true of bankruptcy matters where the total expenses are too apt to eat up the estate. I think that the case ought to be very exceptional indeed which justifies an allowance beyond the amount fixed by the rule. The practice has not been consist-

ent as yet, and cannot in the nature of things be definitely fixed, but I shall interpret it in the future as limiting the allowance to that stated except in the most unusual cases.

[2] As for the allowance to the bankrupt's attorneys, it stands on a somewhat different basis. Judge Brown held in Re Kross (D. C.) 96 Fed. 816, that in voluntary cases the statute—Act July 1, 1898, c. 541, § 646 (3) 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447)—permitted an allowance to the bankrupts' attorneys for procuring a discharge, though the rule is certainly different in involuntary cases. That allowance where the proceedings were not contested was the docket fee of $20, and Judge Brown said obiter that in cases of contest the referee may allow further sums. It seems to me clear enough that the bankrupt should be allowed nothing for an unsuccessful application for discharge, but in voluntary cases, if the trustee at the instance of the creditors conducts an unsuccessful contest, I cannot see why the estate should not bear a fair allowance. Where, however, a single creditor or several creditors oppose the discharge, the question should be treated as one arising inter partes, and the estate generally ought not to suffer from an ill advised contest. If the creditor loses, the question of the propriety of the contest may be then decided and he may have to bear costs. Usually no costs are given against a creditor; but in any case the question is to be determined in that proceeding. In this case the trustee did not conduct the opposition, and the allowance will be limited to a docket fee of $20.

The order is therefore modified by allowing in Re Keller $142.92 to the trustee's attorneys and $20 to the bankrupt's attorneys.

In Re Rabinowitz & Koen the allowance of the trustee's attorneys is fixed at $223.12.