### In re TAYLOR.

(District Court, D. Wyoming. May 6, 1922.)

No. 478.

1. **Bankruptcy ⬉482(1)—Allowance of attorney's fees one of right.**
   Under Bankruptcy Act, § 64a (3), being Comp. St. § 9648, the matter of an allowance to a bankrupt's attorney is one of right; the amount only being left to the discretion of the court.

2. **Bankruptcy ⬉317—Attorney's fee held not allowable as preferred claim.**
   An item covering services rendered by bankrupt's attorney for the bankrupt in connection with a suit pending in the state court prior to the commencement of the bankruptcy proceeding was not allowable as a preferred claim.

3. **Bankruptcy ⬉327(1)—Bankrupt's attorney's claim for prior services must be filed.**
   A claim of a bankrupt's attorney for services rendered in a suit prior to commencement of the bankruptcy proceeding should be filed as a claim against the estate either in the secured or preferred class, where the attorney claims a lien on some particular fund, and where it has not been so filed the validity of such lien cannot be passed on on certificate by referee in connection with such attorney's fee to be allowed as attorney in bankruptcy proceeding.

4. **Bankruptcy ⬉482(1)—Claim of attorney for services to receiver and creditors must set forth services rendered.**
   On certificate of referee in connection with fee to be allowed attorney for the bankrupt, an item in the attorney's claim of a certain amount for making a trip in the interest of general creditors in order to have a receiver with authority to operate appointed by the court, and an item for services in acting as attorney for the receiver and rendering all services that the receiver required to be performed, without attempting to set forth what these services were, were insufficient.

---

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. Bankruptcy ⬅➡482(1)—Services performed for receiver should be presented separately by bankrupt's attorney.

Any claim for services by bankrupt's attorney performed for a receiver should be presented separately from the attorney's claim for services as attorney in the bankruptcy proceeding.

6. Bankruptcy ⬅➡482(1)—Compensation for legal services to bankrupt in having exemptions allowed not allowable.

Legal services to a bankrupt in having .his exemptions allowed is a matter between the bankrupt and his attorneys, and a claim therefor is not allowable.

7. Bankruptcy ⬅➡482(2)—Attorney's fees allowable.

Bankrupt's attorney is entitled to an allowance for preparing and filing the petition and schedules of the bankrupt and for a trip to attend a meeting of creditors, including necessary expenses in making the trip.

8. Bankruptcy ⬅➡482(2)—Allowances made for bankrupt's attorney.

Attorney for a bankrupt with an estate of about $6,000 allowed $50 for preparing and filing schedules and $100 for other services, including a trip in attending a meeting of creditors, and expenses of the trip.

9. Bankruptcy ⬅➡477—Time held opportune to fix fees of bankruptcy attorney.

Where bankruptcy proceeding reached that stage where it would be difficult to understand how any further services from attorney on behalf of the bankrupt would be beneficial to the estate, the time was opportune for allowance of his fees.

10. Bankruptcy ⬅➡482(1)—Bankrupt's attorney entitled to retain only proper charge for services.

Where bankrupt's attorney was paid money and assigned a claim, immediately preceding his filing of the bankruptcy proceeding, to cover his services performed or to be performed in the proceeding in behalf of the bankrupt, the money rightfully belonged to the bankrupt estate, and the attorney could only be permitted to retain so much of it as was a legitimate and proper charge for the services performed.

In Bankruptcy. In the matter of O. C. Taylor, bankrupt. Certificate of referee in connection with attorney's fees. Amount fixed.

Walter T. More and J. M. Roushar, both of Torrington, Wyo., for objecting creditors.

John L. Sawyer, of Torrington, Wyo., for bankrupt.

KENNEDY, District Judge. The above-entitled cause is before the court at this time upon the certificate of the referee in connection with an attorney's fee to be allowed the attorney for the bankrupt in said matter. It may be said in passing that under a special order of the District Court in this district all claims for attorney's fees must be presented to and allowed by the District Judge.

The certificate of the referee and the record in the case disclose the following facts: Schedule B (4) annexed to the voluntary petition recites, in the place designated for including sums paid to counsel for services rendered or to be rendered in the bankruptcy cause, that the attorney for the bankrupt had been paid the sum of $395 in cash and $200 by virtue of an assignment of an account due and owing to the bankrupt, which was assigned November 7, 1921. The petition in bankruptcy, together with the schedules, appears to have been filed in the office of the clerk on November 7, 1921. On November 25, 1921, after the proceeding had reached the referee in bankruptcy under the

customary order of reference, two creditors of the bankrupt, who had filed their unsecured claims against the estate of the bankrupt, which claims had been allowed by the referee, filed with the referee a motion praying that an attorney's fee for the bankrupt's attorney be fixed by the referee upon the ground that the amount received by the said attorney was unreasonable, considering the circumstances of the case.

The referee's certificate discloses that on February 5, 1922, the attorney for the bankrupt filed his answer to said motion, in which said attorney seeks to justify the amount received in advance for his services performed and to be performed in said proceeding. Said answer is submitted to the court in connection with the referee's certificate. It further appears that on April 24, 1922, the said bankrupt's attorney filed a plea in abatement to the motion aforesaid, by which plea said attorney claims that the time is not opportune for disposing of the matter of attorney's fees, in that it is impossible at the time of the consideration of the motion to determine with any degree of accuracy what services it will be necessary to perform as attorney for the bankrupt in the proceeding. To this plea is attached a statement purporting to set forth the items of service performed by the attorney, aggregating $850.

The referee's certificate further discloses that the sum marshaled by the trustee in the bankrupt estate is $6,287.13, and that the estimated aggregate expense of administering the estate will amount to $2,220, that a dividend of 7 per cent. has already been paid the general creditors, and that it is estimated there will be an additional dividend of approximately 8 per cent. to these creditors. Under the rule before suggested as to the allowance of all counsel fees by the judge, the referee has certified the matter here.

[1] It might be well to examine briefly the matter of the allowance of counsel fees in bankruptcy cases, including the provisions of the bankrupt act, its theory and the policy of the courts in connection with the matter in hand. Allowances of attorney's fees are provided for by section 64a (3), Bankruptcy Act (Comp. St. § 9648). It has been generally held, in construing this provision of the act, that the matter of the allowance of an bankrupt's attorney is one of right; the amount only being left to the discretion of the court. While there are authorities to the contrary, it may be said generally that this has been the policy of the courts in administering this portion of the law.

As to the rule governing the class and kind of services to be performed which may be included in the claim of the bankrupt's attorney and allowed by the court, it may be said that courts have not been in complete harmony. Collier, one of the leading authorities on bankruptcy law, lays down the rule as follows:

"The safer rule is that the bankrupt's attorney is only entitled to compensation out of the estate for services which, although performed for the bankrupt, are really in aid of the estate and its administration."

This view is supported by In re Brundin et al. (C. C.) 112 Fed. 306, which case also cites In re Mayer (D. C.) 101 Fed. 695, and may be taken, therefore, as fairly expressing the views of this court upon that phase of the subject.

280 F.—9

As to what should be the policy of the courts in making allowances for services of attorneys in bankrupt cases, which in the case at bar would come within the limitation laid down in the foregoing paragraph, Collier also lays down the rule as follows:

"Economy in the administration of estates is the policy of the present law and is to be strictly enforced. This principle should be kept in mind in fixing compensation of attorneys."

In support of this rule the author cites In re Frank Meis, 18 Am. Bankr. R. 104. This rule is discussed in the following language, as found in the case of In re Curtis et al., 100 Fed. 784, at page 792, 41 C. C. A. 59, at page 68, a decision by the Circuit Court of Appeals of the Seventh Circuit, as follows:

"The policy of the present Bankruptcy Act, in contrast with the provisions of the previous law, discloses clearly the design of Congress that the administration of bankrupt estates should be had at the minimum of expense. Under the former law much scandal had arisen because of the large cost of administering estates. The present act, so far as it specifies the amount of fees of officers whose services may be required in execution of the law, fixes them at a low figure, possibly much lower than is compensation for the service; but it is not for us, for that reason, to disregard the law, or seek to thwart the design of Congress, however inadequate we may think the compensation allowed. This thought is well expressed by the court below in the opinion filed. It is there said: 'The present Bankruptcy Law was evidently intended to reduce to the lowest minimum the costs of administration, as regards fees of officers created by the act, as well as those of attorneys who may be called to assist the court in the preservation and distribution of the bankrupt estate.'"

[2, 3] Keeping these two rules, or rather policies, in mind we come to an examination, first, of the statement of services rendered by the attorney as attached to the so-called plea in abatement filed in the proceeding. The first item of $100 appears to cover services rendered by the attorney for the bankrupt in connection with a suit pending in the state court prior to the commencement of the bankruptcy proceeding. This amount is clearly not allowable as a preferred claim for attorney's fees in the bankruptcy proceedings. In this item it appears that the attorney claims a lien upon some particular fund. Whether or not such a lien is valid is not before the court, as in order to present it properly it should have been filed as a claim against the estate, either in the secured or preferred class.

[4] Another item in the claim is one for $250 for making a trip from Torrington to Cheyenne in the interest of general creditors, in order to have a receiver with authority to operate appointed by the court, and also an item of $250 for services in acting as attorney for the receiver and rendering all services that the receiver required to be performed. There has been no attempt to set forth what these services were, which would render that portion of the claim insufficient, even though it found a proper place in the claim here.

[5] Any claim for services performed for a receiver should be presented separately, and therefore cannot be properly allowed as it at present appears in the claim under consideration.

This brings up the question as to whether employment at the same time in one proceeding by the same attorney as an attorney for the

bankrupt, and also as attorney for the receiver, is consistent or otherwise. As it appears upon its face, however, in this case, that this portion of the claim cannot be allowed in its present form, it will not be necessary to pass upon this phase of the attorney's employment.

The item included in making trip from Torrington to Cheyenne in the interest of the general creditors to have a receiver appointed also comes within the same class, and therefore cannot be considered in passing upon this claim.

[6] Another item of the attorney's account represents a charge made for the trip from Torrington to Cheyenne to represent the bankrupt at a hearing, at which a portion of the exemptions claimed by the bankrupt was attacked. In regard to this, Collier lays down the rule as follows:

"Legal services to a bankrupt in having his exemptions allowed is a matter between the bankrupt and his attorneys and are not allowable."

[7] Eliminating the above-described items, only two are left which represent services properly chargeable against the bankrupt estate. The first is the preparing and filing of the petition and schedules of the bankrupt, for which a charge of $100 is made, and the second is a trip from Torrington to Cheyenne to attend the first meeting of creditors, for which a charge of $150 is made. Included in this trip, of course, would be the necessary expenses of disbursements of the attorney in making the trip.

[8] It is difficult for a court to fix with a degree of accuracy counsel fees in bankruptcy proceedings, as cases vary greatly in respect to the services to be performed. As attorney's fees have generally been allowed, however, in this district, since the enactment of the Bankruptcy Law, the charge of these two items is considerably in excess of the general allowances of bankrupt's attorney's fees in similar cases. The court is disposed, however, to make as liberal allowances for these items as the circumstances and the condition of the estate would seem to justify. Under these circumstances, as viewed by the court, upon the meager record before it, taking into consideration the well-defined rules of economy contemplated by the act and the size and condition of the estate, the court is of the opinion that an allowance of $50 for preparing and filing the schedules and $100 for the other services, including the trip in attending the first meeting of creditors, and an additional amount of $15 to cover the expenses of the attorney in making his trip to Cheyenne, making a total of $165, would be ample under the circumstances.

[9] As to the contention of the attorney in his plea in abatement that the time is not opportune to fix his fees, it may be said that the point thereby raised is not well taken. The record clearly discloses that the proceeding has reached that stage where it would be difficult to understand how any further service from the attorney on behalf of the bankrupt would be beneficial to the estate, and this point cannot, therefore, be sustained.

[10] The record shows that the attorney was paid the money and received the assigned claim immediately preceding his filing of the

bankruptcy proceeding, and to cover his services performed or to be performed in the proceeding on behalf of the bankrupt. This money, therefore, rightfully belongs to the bankrupt estate, and the attorney can only be permitted to retain so much of it as may be held to be a legitimate and proper charge for the services performed.

The order of the court will therefore be that the trustee make proper demand of the said attorney for the return of the amount received in excess of the amount herein allowed, and pursue such remedies in securing the return of that portion of the estate into his hands as trustee as he may be advised.

If the attorney may desire to file with the referee a claim for his services performed on behalf of the receiver, that matter will be taken up and passed upon in its proper order and place.