## In re KLEIN–MOFFETT CO.

District Court, D. Maryland.    June 1, 1928.

No. 4861.

**1. Bankruptcy ⬅170—Reasonable compensation, paid debtor's attorney for services in effort to keep business out of bankruptcy, held allowable as for services "in contemplation of bankruptcy" (Bankr. Act, § 60 (d), 11 USCA § 96 (d).**

Under Bankruptcy Act, § 60 (d), 11 USCA § 96 (d), providing that debtor's payment to attorney for services to be rendered in "contemplation of bankruptcy" shall be re-examined by court on petition of trustee or any creditor, and shall only be valid to extent of a reasonable amount, compensation for services to be rendered after payment of fee in an unsuccessful effort to keep debtor's business out of bankruptcy, *held* properly allowable, if reasonable in amount, as having been rendered "in contemplation of bankruptcy."

[Ed. Note.—For other definitions, see Words and Phrases, Contemplation of Bankruptcy.]

**2. Bankruptcy ⬅170—Statute authorizing reasonable allowance for attorney's services "in contemplation of bankruptcy" is not applicable to services to be rendered after filing petition (Bankr. Act, § 60 (d), 11 USCA § 96 (d).**

Bankruptcy Act, § 60 (d), 11 USCA § 96 (d) providing that debtor's payment to attorney for services to be rendered "in contemplation of bankruptcy," shall be re-examined by court on petition of trustee or any creditor and shall only be valid to extent of a reasonable amount, does not relate to services to be rendered after bankruptcy proceedings are commenced by filing petition.

**3. Bankruptcy ⬅347—Statute authorizing priority of allowance out of bankrupt estate for attorney's services held applicable only to services rendered in necessary administration of Bankruptcy Act (Bankr. Act, § 64 (b) (3), 11 USCA § 104 (b) (3).**

Purpose of Bankruptcy Act, § 64 (b) (3), 11 USCA § 104 (b) (3), giving priority to costs of administration, including allowance for attorney's services rendered to bankrupt in involuntary cases while performing duties prescribed by the act, is to secure to an insolvent person the means of engaging competent legal advice that he may realize full benefits of the act which, because of his impecunious condition, he might not otherwise be able to get, and sum allowable thereunder is to compensate only for such services as are rendered in the necessary administration and proper application of the Bankruptcy Act (11 USCA).

**4. Bankruptcy ⬅477—Compensation to attorney for services after commencement of bankruptcy proceedings is allowable only on sworn petition filed with referee after notice to creditors (Bankr. Act, § 64 (b) (3), 11 USCA § 104 (b) (3); Gen. Order in Bankr. No. 42, set out under 11 USCA § 53).**

Under Bankr. Act, § 64 (b) (3), 11 USCA § 104 (b) (3), and General Order in Bankruptcy No. 42 (set out under 11 USCA § 53), promulgated April 13, 1925, compensation to bankrupt's attorney for services rendered after filing of petition and adjudication, being entitled to priority as expense of administration of bankrupt estate, may be allowable only in usual manner as an administration expense by petition under oath filed with referee, and allowable by him only after notice to creditors.

**5. Bankruptcy ⬅477—Bankruptcy court may review action of referee with respect to allowance to bankrupt's attorney for services rendered after commencement of bankruptcy proceedings only if properly presented (Bankr. Act, § 64 (b) (3), 11 USCA § 104 (b) (3); Gen. Order in Bankr. No. 42, set out under 11 USCA § 53).**

Bankruptcy court as court of equity has power to review action of referee with respect to allowance to bankrupt's attorney for services rendered after commencement of bankruptcy proceedings under Bankr. Act, § 64 (b) (3), 11 USCA § 104 (b) (3), but only after matter has first been presented to referee and through him to creditors in manner prescribed by General Order in Bankruptcy No. 42 (set out under 11 USCA § 53), promulgated April 13, 1925.

**6. Bankruptcy ⬅482(3)—$1,200 held reasonable compensation for services of attorney for clothing manufacturer, capitalized at $225,000, in seeking to avoid bankruptcy (Bankr. Act, § 60 (d), 11 USCA § 96 (d).**

$1,200 *held* reasonable compensation under Bankruptcy Act, § 60 (d), 11 USCA § 96 (d), for services of attorney in an effort to keep business of debtor clothing manufacturer, capitalized at $225,000, out of bankruptcy, where services occupied about 15 days, involved numerous conferences with stockholders and creditors, and consumed a large amount of time and labor.

In Bankruptcy. In the matter of the Klein-Moffett Company, bankrupt. On trustee's petition to review payment of attorney's fees to bankrupt's attorney. Order in accordance with opinion.

Jacob M. Moses, of Baltimore, Md., for trustee.

Frederick W. Brune, of Baltimore, Md., for defendants.

COLEMAN, District Judge. The question for decision here involves the payment of a fee of $1,500 by a bankrupt to his counsel one week before bankruptcy. The trustee in bankruptcy has questioned the legality of this payment, and has petitioned the court to review it, on the ground that the services covered by the fee were not directly connected with the bankruptcy proceedings, and that, entirely apart from the question of their value, the services were such as the court would not have allowed compensation for if the attorney, instead of having secured the fee in advance of bankruptcy, had been placed in the position of other creditors re-

quired to file their claims in the customary manner.

It appears that the services covered a period from December 7, 1926, up to and after December 22, 1926, when the Klein-Moffett Company was adjudged an involuntary bankrupt. The payment was made on December 15th. The general nature of the services, in so far as is here material, was that they were rendered in an effort to adjust the financial difficulties of the company. But this was unsuccessful, and receivership in the state court and finally bankruptcy ensued. The fee may be considered as made up of three parts: (1) For services between December 7th and 15th, the date of payment, during which time counsel was engaged in an endeavor to rehabilitate the corporation, a clothing manufacturing concern, which had a capitalization of $225,000, and whose affairs were found to be in a very unsatisfactory condition. His work involved numerous conferences with stockholders and creditors, and, in general, such labor as is usually incident to efforts to reorganize and avoid bankruptcy. (2) For services between December 15th and 22d, the date of the filing of the petition in involuntary bankruptcy, during which time the attorney acted as counsel to the receiver for the corporation in the state court. (3) For services rendered subsequently to the filing of the petition, which included such legal work necessarily incident to the preparation of all papers filed in the bankruptcy proceedings.

There are two sections of the Bankruptcy Act which deal with the allowance of attorneys' fees, sections 60 (d) and 64 (b) (3), 11 USCA §§ 96 (d), 104 (b) (3). Section 60 (d) provides as follows:

"If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty *for services to be rendered,* the transaction shall be re-examined by the court on petition of the trustee or any creditor and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate." (Italics inserted.)

Section 64 (b) (3) provides as follows:

"The debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payment shall be * * * (3) the cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, *to the bankrupt in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary cases, as the court may allow."* (Italics inserted.)

[1] The obvious expressed intention of 60 (d) is to allow the retention of reasonable compensation paid to an attorney for any services to be rendered *before* and in contemplation of bankruptcy. In re Cummins (D. C.) 196 F. 224; In re Stolp (D. C.) 199 F. 488; In re Rolnick (C. C. A.) 294 F. 817; Pratt v. Bothe (C. C. A.) 130 F. 670; Furth v. Stahl, 205 Pa. 439, 55 A. 29. See, also, In re Wood & Henderson, 210 U. S. 246, 28 S. Ct. 621, 52 L. Ed. 1046; Slattery v. Dillon (C. C. A.) 17 F.(2d) 347. Therefore compensation for part 2 of the services, hereinbefore described as having been rendered, is properly allowable under this section if reasonable in amount. Although rendered over a period of extreme financial difficulty in an effort to keep the business out of bankruptcy, the services were nevertheless in contemplation of bankruptcy. As was said in Furth v. Stahl, 205 Pa. 439, 443 (55 A. 29, 30):

"They were none the less rendered in contemplation of the filing of a petition in bankruptcy, because directed primarily and principally to the prevention of such petition. A man is usually very much in contemplation of a result which he employs counsel to avoid."

There is also strong authority to the effect that a liberal construction is to be given to this section to the extent that the payment need not actually be made before, but may be made *after,* the services are rendered, provided both the payment and the services antedate bankruptcy and are in contemplation thereof. As was said in Re Cummins, supra, at page 226:

"In other words, a lawyer is [not] to be deprived of the safeguard of the statute because he has the decency not to insist on an immediate retainer in money or property, and is willing to wait until he can decide what his fee ought to be in the light of service actually rendered. There is no reason why statutes, under familiar canons, cannot be construed sensibly.

"The Congress has given the court full power to re-examine such a transaction with

a view of ascertaining its good faith, and then determining whether the fee is reasonable. What is meant, by the statute, is that a debtor, under the circumstances therein described, may fully pay an attorney reasonable compensation for services to be rendered, and it is immaterial whether the payment is made at or after the professional engagement is entered into."

See, also, Pratt v. Bothe, supra.

The court does not subscribe to the minority view, which holds that section 64 (b) (3) makes the only allowance of attorneys' fees, and that section 60 (d) merely provides a *means* for payment in advance. In re Kross (D. C.) 96 F. 816; In re Secord (D. C.) 296 F. 231; In re Habegger (C. C. A.) 139 F. 623, 3 Ann. Cas. 276. Therefore, if the compensation be reasonable for part 1 of the services, hereinbefore described, it is allowable under this section.

[2,3] We have next to consider whether there is authority for allowance of part 3 of the fee here in question, independently of the matter of its reasonableness. Since this part covered services rendered *after* the date of filing the petition which, in the present case, was coincident with adjudication, its allowance, as we have seen, is not authorized by section 60(d). As was said in Pratt v. Bothe, supra, at page 674:

"We are of opinion that section 60 (d) relates to services to be rendered while the debtor is 'in contemplation of bankruptcy,' and *not to services to be rendered after bankruptcy proceedings are commenced.*"

However, it is authorized by section 64 (b) (3). The object of section 64 (b) (3) is obviously to secure to an insolvent person the means of engaging competent legal advice, in order that he may realize the full benefits of the Bankruptcy Act (11 USCA), which by reason of his impecunious condition he might otherwise not be able to get. See Magee v. Fox (C. C. A.) 229 F. 395, 396. Therefore it seems to be settled that the sum allowable under this section is to compensate only for such services as are rendered in the necessary administration and proper application of the Bankruptcy Act. In re Munford (D. C.) 255 F. 108; In re Taylor (D. C.) 280 F. 127; In re Kross (D. C.) 96 F. 816; In re Christianson (D. C.) 175 F. 867; In re Keller (D. C.) 207 F. 118; In re Secord (D. C.) 296 F. 231; In re Weissman (D. C.) 267 F. 588. In one case it was held that the compensation under this section is limited to services performed *after* bankruptcy. In re Stolp (D. C.) 199 F. 488. This seems to be unsound, in that it places too narrow a

construction upon the section, in view of the purposes sought to be attained. The weight of authority is decidedly contra.

[4, 5] Before turning to the question as to the reasonableness of the various parts of the fee here in question, we have to consider whether or not the part just referred to as falling under section 64 (b) (3) is properly allowable in any event in this proceeding, because that section, unlike section 60 (d), contemplates the allowance of compensation for this kind of service as an expense of administration of the bankrupt estate—one of the debts having priority and to be allowed only in the usual manner as an administrative expense; that is, by petition under oath, filed with the referee and allowable by him only after notice to creditors. This is expressly required under General Order in Bankruptcy No. 42 (set out under 11 USCA § 53), promulgated April 13, 1925. The bankruptcy court, as a court of equity has power to review the action of the referee with respect to such allowance, but the matter must, in the first instance, be presented to the referee and, through him to creditors in the prescribed, formal manner. See In re Lahongrais (C. C. A.) 5 F.(2d) 899. No such petition having been filed in the present case, the court must decline to consider compensation for the last-named portion of services.

[6] We therefore come to the final question presented for consideration: namely, What would be a reasonable compensation for the services which we have seen are to be compensated for under section 60 (d)—that is, parts 1 and 2 of the services involved in this case?

There has been no attempt on the part of the attorney to divide the total charge, $1,500, and allot it proportionally to the three kinds of services which, as we have just seen, are classified according to the time when they were rendered. The claims against the insolvent corporation were numerous and large in amount, and the questions incident to protecting its interests before bankruptcy were many and involved, consuming a large amount of time and labor. It seems unnecessary for the court to attempt to apportion the fee to the unit of service, but it will be sufficient to determine what lump sum is reasonable compensation for the total services rendered under section 60 (d). $1,200 would seem to be an entirely reasonable allowance for these services as a whole. Whether the balance, namely, $300, is a reasonable fee to be allowed the attorney as an

administrative expense under section 64 (b) (3) is, as previously pointed out, not properly before the court at this time.

An order will be passed in accordance with this opinion.