## Blaga's Estate.

*Desmond J. McTighe* (of the Philadelphia Bar), for petitioner.

*John A. Moran*, for accountant.

STEWART, P. J., Nov. 12, 1928.—The Chancellor of the Royal Roumanian Consulate at Philadelphia presented a petition, alleging that Peter Blaga died intestate in this county; that letters of administration were granted to the Gosztonyi Savings and Trust Company; that this company has filed its first and final account, and it proposes to make distribution to decedent's mother without the appointment of an auditor; that both decedent and the mother were Roumanian citizens, the latter now residing in Roumania; that by reason of a treaty between the United States and Roumania, ratified June 13, 1883, it was the legal duty of this petitioner to present this petition, article 15 of the treaty being as follows:

"In case of the death of any citizen of the United States in Roumania or of any Roumanian citizen of the United States without having any known heirs or testamentary executors by him appointed, the competent local authorities shall give information of the circumstances to the Consuls or Consular Agents

of the nation to which the decedent belonged in order that the necessary information may be immediately forwarded to parties interested.

"Consuls General, Consuls, Vice-Consuls, Consular Agents shall have the right to act personally or by delegate in all proceedings on behalf of the absence of minor heirs or creditors until they are duly represented."

Petition also alleges that it may be detrimental and prejudicial to other heirs of the decedent, citizens and residents of Roumania to make this payment without an adjudication by the court as to who are entitled to receive the estate. A citation issued, and an answer was filed admitting all the facts in the petition, but averring that under and by virtue of section 49 (b) of the Fiduciaries Act of 1917, respondent has the right to make distribution without an audit of its account. It is rather unusual for an administrator or an executor to object to the appointment of an auditor. Absolute protection is afforded to them when distribution is made in accordance with an auditor's report duly confirmed by the court. The sole question is as to the power of the court to appoint an auditor. In United States v. Rauscher, 119 U. S. 407, it was held "that a treaty to which the United States is a party is a law of the land, of which all courts, state and national, are to take judicial notice and by the provisions of which they are to be governed, so far as they are capable of judicial enforcement." Section 49 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, provides: "No executor or administrator shall be compelled to make distribution of the estate of his testator or intestate until six months be fully expired from the granting of the letters testamentary or of administration in the estate. After the expiration of said period, distribution may be ordered by the Orphans' Court having jurisdiction of the accounts of the executor or administrator on petition of any person having an interest in the assets to be distributed or on petition of any creditor of the decedent." Clause (b) is as follows: "Executors or administrators may make distribution and pay or deliver legacies, without the audit of their accounts, upon such security as may be satisfactory to them, nevertheless at their own risk, but without liability to any creditors of the decedent who shall not have given written notice to the executor or administrator within six months after the granting of letters testamentary or of administration, provided that such executor or administrator has complied with the provisions of section 10 of this act. Where distribution of a decedent's estate is awarded by the Orphans' Court after audit and confirmation of any account of the executors or administrators, such decree of distribution shall protect the executors or administrators from personal liability with respect to the property so distributed. In making distribution under such a decree, the executors or administrators shall not be entitled to demand refunding bonds from the distributees, except in the cases specially provided for by this act and in other cases in which the court shall direct the giving of refunding bonds." Reading the treaty and section (a), it is plain that the petitioner has an interest in the assets to be distributed. While section (b) does not say that "executors or administrators may make distribution," yet it cannot be pretended that when executors or administrators come into court and file their accounts they have a right to make distribution when the court thinks that an auditor should be appointed. The mere fact that the law requires them to account under the supervision of the court gives the court a right to appoint an auditor. The principle is the same as that applied in Furth v. Stahl, 205 Pa. 439, the syllabus of which is: "Where a court has in its own hands a fund raised by its own process, its jurisdiction to appoint an auditor to distribute the fund does not depend upon any one's consent."

And now, Nov. 12, 1928, the court appoints R. S. Taylor, Jr., auditor to make distribution of the fund in the hands of the accountant to and among the parties entitled thereto, and to make report thereof to the court.

From Henry D. Maxwell, Easton, Pa.