## In re DAVID BELL SCARVES, Inc.

District Court, S. D. New York.
Sept. 25, 1931.

Krause & Hirsch, of New York City (George C. Levin, of New York City, of counsel), for trustee.

Conrad, Rubin & Lesser, of New York City, pro se.

### CAFFEY, District Judge.

It is clear, and I believe it is without dispute, that the words "in contemplation of the filing of a petition by or against him," contained in section 60d of the Bankruptcy Act (11 USCA § 96(d), relate only to the state of mind of the debtor, and not to what his lawyer thinks about. Tripp v. Mitschrich (C. C. A.) 211 F. 424, 427; Quinn v. Union Nat. Bank (C. C. A.) 32 F.(2d) 762, 767.

With respect to compensation of lawyers, the courts are in irreconcilable conflict upon the question as to whether or not sections 60d and 64b(3) of the act, 11 USCA §§ 96(d), 104(b) (3), are completely correlative—the one applying preceding, and the other applying subsequent to, the filing of the petition. So far as I can discover, the Supreme Court has not settled the dispute. For the present purpose it would be useless to discuss all the cases. The authorities seem to agree, however, that services, the determination of whose value is within the summary jurisdiction conferred by section 60d, must be of a type which renders them germane to the general aims of the Bankruptcy Act. See In re Rolnick (C. C. A.) 294 F. 817, 819, 820; In re Falk (C. C. A.) 30 F.(2d) 607, 609. The problem is to ascertain in each instance whether the particular services involved are, in the sense of this expression, germane to the general aims of the statute.

The testimony of one of the respondents himself is to the effect that his firm was retained a few days before the filing of the bankruptcy petition (after serious financial difficulties of the debtor had intervened); also that the services were to consist of negotiating for a settlement with creditors, and, in event of settlement, of attempting to arrange for raising the money needed to carry it out. While the line of demarcation is drawn between the two sections, so far as concerns the time element, at the date of bankruptcy [In re Rolnick (C. C. A.) 294 F. 817, 819, 820; In re Klein-Moffett Co. (D. C.) 27 F.(2d) 444], and to that extent the two provisions of law are correlative, nevertheless under section 60d the question persists: Were the services germane to the general aims of the Bankruptcy Act? Whatever other tests there may be, if the services were germane, summary jurisdiction is conferred by section 60d.

In in Re Cummins (D. C.) 196 F. 224, 226, and in Re Klein-Moffett Co. (D. C.) 27 F.(2d) 444, 445, it was said, in substance, that services to bring about a settlement so as to avoid bankruptcy, and services in obtaining fresh money to enable a failing debtor to continue in business, were germane to the general aims of the Bankruptcy Act. If this be true, then the value of the services may be adjudicated under section 60d.

The inclusion in section 60d of various narrative words to describe lawyers—e. g.,

solicitor in equity, proctor in admiralty, etc. —seems to me to negative the notion that the character of services covered by it are identical with services covered by section 64b(3), differing only as to date of rendition; the former dealing with those preceding filing of the petition, and the latter with those following filing of the petition. It is hardly to be conceived that Congress contemplated that solicitors in equity or proctors in admiralty should be engaged to perform the type of services required in administering a bankrupt estate. In consequence, I feel that the respondents are contending for an interpretation of section 60d which would eliminate or nullify some of its words.

Upon the present record, the referee was fully warranted in concluding, and I think from the circumstances that the inference is inescapable [cf. Quinn v. Union Nat. Bank (C. C. A.) 32 F.(2d) 762, 767, 768], that, when the debtor engaged the respondents, he contemplated bankruptcy. Accepting the testimony of one of the respondents, it appears incontrovertibly that the employment was exclusively for the formulation of arrangements that would have adjusted affairs of the debtor in some fashion with all of his creditors and would have affected, for the benefit of the estate, all the assets of the debtor. As it seems to me, it is wholly consistent with the language of section 60d to construe the jurisdiction there conferred to embrace authority summarily to fix the reasonable value of fees for services in such matters, including attempted adjustments designed to avoid bankruptcy, and that it would render some of the language surplusage or meaningless to construe the jurisdiction as excluding this subject.

There must be plain and strong ground for depriving language of a statute of full operation before the court is justified in confining it to a field more restricted than that comprehended within the literal words. Nullification of the words in the statute by implication, such as is sought by the argument that the two sections discussed are completely correlative, is not favored in the law. I have been unable to find any warrant for limiting the natural application of the phraseology in section 60d so as to remove from it services of the character that were performed by the respondents.

The Circuit Court of Appeals for the Eighth Circuit (Tripp v. Mitschrich, 211 F. 424, 427) pointed out in 1914 that words of the Federal Revenue Act "in contemplation of death," as to testamentary gifts, are of import similar to the words of the Bankruptcy Law with which we are now concerned. Since then the Supreme Court (United States v. Wells, 283 U. S. 102, 51 S. Ct. 446, 75 L. Ed. 867) has definitely settled that this expression in the tax law means that the thought of death was the impelling motive. I think it is clear here that the thought of bankruptcy was the impelling motive of the debtor when he retained the respondents.

Referee's order confirmed.