## In re DAVID BELL SCARVES, Inc.

### CONRAD, RUBIN & LESSER v. PENDER.

#### No. 49.

Circuit Court of Appeals, Second Circuit.

Nov. 14, 1932.

Conrad, Rubin & Lesser, of New York City (Samuel Rubin, of New York City, of counsel), for appellants.

Krause, Hirsch & Levin, of New York City (George C. Levin, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This proceeding was initiated by the trustee's notice of motion and petition for re-examination under section 60d of the Bankruptcy Act (11 USCA § 96 (d), of a $2,500 retainer paid to the appellants by the bankrupt corporation twelve days before an involuntary petition in bankruptcy was filed against it. Upon the return of the trustee's motion and petition, the appellants objected to the jurisdiction of the referee, but the objection was overruled, and, after a hearing in which the appellants refused to take part, an order was entered directing them to return to the trustee the sum of $2,000. The order of the referee was confirmed by the District Court, and from the latter order this appeal was taken. The sole issue it presents is of the jurisdiction of the referee to re-examine the payment under the circumstances disclosed.

The corporation was in financial difficulties and unable to meet its maturing obligations. Prior to retaining the appellants, it had engaged another attorney, Mr. Pratt, to negotiate a settlement with its creditors, and a meeting with some of its creditors had been held. Apparently the appellants were retained to supplement the efforts of Mr. Pratt, to whom $750 had already been paid upon a promised fee of $2,000. Mr. Conrad's testimony, given at an examination under section 21a, Bankr. Act (11 USCA § 44 (a), was to the effect that he was to negotiate with creditors for a 50 per cent. cash settlement and was to assist the corporation in hypothecating its accounts receivable in order to obtain the necessary money to carry out such a settlement. His affidavit, submitted in opposition to the referee's jurisdiction, states that the most extreme course which was within the contemplation of himself and Mr. David Bell, the bankrupt's president, was continuance of the business under an equity receivership, although that course was not contemplated if the business could be continued under the supervision of a committee of creditors, or a representative of the New York Creditors' Adjustment Bureau, Inc. It also appears that within two weeks prior to November 5th, when the appellants' retainer was paid, David Bell had withdrawn $1,500 from the corporation, and his brother, who was an employee, had withdrawn $750. The cash resources of the corporation were so low that the appellants' retainer could not be paid until a sale of merchandise was made; the purchaser's $2,500 check was then indorsed to the appellants. Upon these facts the District Court concluded that the thought of bankruptcy was the impelling motive of the debtor corporation when its president retained the appellants. Hence the payment was held subject to summary re-examination.

The section under consideration reads as follows: "(d) If the debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity or proctor in admiralty for services to be rendered, the transaction shall be reexamined by the court on petition of the trustee or any creditor and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

In re Wood & Henderson, 210 U. S. 246, 28 S. Ct. 621, 52 L. Ed. 1046, has authoritatively settled that this section justifies summary proceedings and a readjustment of the attorney's compensation if the facts present a case within its terms. When a debtor is in such straits that he knows he is likely to end in the bankruptcy court and he engages an attorney to take steps to prevent it, a payment in advance for services of that character would seem clearly to fall within the literal terms of the statute; the payment is made "in contemplation of" bankruptcy no less when made to fend against it than when made to bring it about.

It is true, however, that the section has not received a uniform interpretation by the courts, as this court recognized in Re Falk, 30 F.(2d) 607, 609, and there are numerous dicta and a few decisions which seem to limit the literal language of the section. In an early case, In re Kross, 96 F. 816 (D. C. S. D. N. Y.), the question involved was the allowance of a fee under section 64b (3), 11 USCA § 104 (b) (3), and in deciding it Judge Brown remarked that section 60d must be read with section 64b (3), and that both relate to the same character of services. It is generally agreed that the services for which an allowance may be made under section 64b (3) must be such as relate to "the performance of the bankrupt's duty in aid of the estate and its administration." In re Kross, 96 F. 816 (D. C. S. D. N. Y.); In re Mayer, 101 F. 695 (D. C. S. D. Wis.); In re Rosenthal & Lehman, 120 F. 848 (D. C. E. D. Mo.); In re Christianson, 175 F. 867 (D. C. D. N. D.); In re Malkiel, 29 F.(2d) 790 (D. C. D. Mass.); Remington, Bankruptcy (3d Ed.) § 2726. Services which benefit only the bankrupt are not entitled to priority of payment out of the estate. Randolph v.

Scruggs, 190 U. S. 533, 539, 23 S. Ct. 710, 47 L. Ed. 1165. But we find nothing in the statute to limit the services, payment for which in advance is examinable under section 60d, to services of the same character as are allowable under section 64b (3). The former relates only to services to be rendered before bankruptcy is instituted, In re Rolnick, 294 F. 817 (C. C. A. 2); the latter in general to services after petition filed. Indeed, the reference in section 60d to solicitors in equity and proctors in admiralty clearly implies that the character of the services with which that section deals is not so limited. See Pratt v. Bothe, 130 F. 670, 673 (C. C. A. 6); Furth v. Stahl, 205 Pa. 439, 55 A. 29. However, even though Judge Brown's dictum be repudiated, there remain several other opinions that import into section 60d a requirement that the services for which compensation is allowable thereunder shall be such as are "germane to the aims of the Bankruptcy Act." See In re Habegger, 139 F. 623, 3 Ann. Cas. 276 (C. C. A. 8); In re Stolp, 199 F. 488 (D. C. E. D. Wis.); In re Rolnick, 294 F. 817 (C. C. A. 2); Quinn v. Union Nat. Bank, 32 F.(2d) 762, 765 (C. C. A. 8); In re Lang, 20 F.(2d) 239, 241 (D. C. E. D. Pa.). Upon these authorities the appellants base their contention that a payment for services not "germane" is not examinable under section 60d.

These cases furnish very slight support for such contention. With the possible exception of In re Stolp, they did not discuss the question of jurisdiction. On the contrary, they assumed that the payments attacked might be re-examined, apparently no objection having been made to jurisdiction, and they declare that only for "germane" services could any compensation be allowed. The appellants argue that "it must necessarily follow" from the rule that only payments for "germane" services are protected that jurisdiction to re-examine a payment for services not "germane" is lacking. This appears to be a plain non sequitur. The premise is that, as to services in no way beneficial to the estate or connected with the duties of a bankrupt, no compensation is allowable. The conclusion need not be, as the appellants urge, that none of the retainer is recoverable by the trustee under section 60d; rather it may be that the whole of it is recoverable, as In re Habegger seems actually to have held. As the court pointed out in Tripp v. Mitschrich, 211 F. 424, 428 (C. C. A. 8), it is necessary to distinguish between what is re-examinable and what is allowable. "The former relates to jurisdiction; the latter assumes jurisdiction and inquires what is a proper charge." With the validity of the appellants' premise we are not now concerned. An allowance of $500 has been granted them, and no one questions it. Even assuming the validity of the premise, we cannot accede to the conclusion asserted to follow from it.

Section 60d would seem to require that, regardless of the nature of the services to be rendered, any retainer paid to an attorney when the debtor's impelling motive in paying it was the thought of the imminency of bankruptcy, should be subject to re-examination by the court. Whether upon such re-examination the court should allow him to keep a part of the retainer as a reasonable compensation for services actually rendered, even though the services were of a character that could not be of advantage to the creditors, such as defending the debtor against a charge of crime, we need not now say. Nor need we even go so far as to decide that a retainer for services of that character is subject to re-examination. All we need hold is that a retainer to negotiate a settlement with creditors, if made in contemplation of bankruptcy, is re-examinable. With the exception of In re Habegger (C. C. A.) 139 F. 623, 3 Ann. Cas. 276 (which allowed recovery of the full amount paid) no case has suggested that such services are not "germane" to bankruptcy, if that be necessary, and several cases have in fact re-examined retainers paid for similar services. In re Habegger, supra; Slattery v. Dillon, 17 F.(2d) 347 (C. C. A. 9); In re Lang, 20 F. (2d) 239 (D. C. E. D. Pa.); In re Klein Moffett Co., 27 F.(2d) 444 (D. C. D. Md.); In re Cummins, 196 F. 224 (D. C. S. D. N. Y.); Furth v. Stahl, 205 Pa. 439, 55 A. 29. See, also, Tripp v. Mitschrich (C. C. A.) 211 F. 424, 430. In Slattery v. Dillon, the jurisdiction of the referee was expressly challenged; in the other cases cited it does not appear that objection to jurisdiction was raised. That the retainer in the case at bar was paid in contemplation of bankruptcy seems too clear to admit of controversy. When the client and attorney are considering an equity receivership in case the creditors will not accept an offered settlement, it is inconceivable that the imminence of bankruptcy and the avoidance of it is not present in their thoughts.

Order affirmed.