## In re LANGHORNE.

### No. 15146.

District Court, E. D. Pennsylvania.
July 25, 1935.

James H. Molloy, of Philadelphia, Pa., for petitioner.

Hirschwald, Goff & Rubin, of Philadelphia, Pa., for respondent.

KIRKPATRICK, District Judge.

The primary question involved in this certificate is whether upon a trustee's petition, asking the referee to re-examine an attorney's fee under section 60d of the Bankruptcy Act (11 U.S.C.A. § 96 (d), testimony of the bankrupt taken under 21a as amended (11 U.S.C.A. § 44 (a) is admissible, the bankrupt himself being unavailable as a witness.

An involuntary petition in bankruptcy was filed against Langhorne on January 9, 1932, but, because of the filing of an answer and a jury trial later on, he was not adjudicated until December 2 of that year.

The trustee learned that on September 14, 1931, Langhorne had paid his attorney the sum of $5,000 as a fee, and petitioned the referee for a re-examination of the payment under section 60d of the Bankruptcy Act. The attorney filed an answer to the petition.

The referee proceeded to take testimony under the petition and answer, made a

finding that payment had not been made "in contemplation of the filing of a petition by or against" Langhorne, and dismissed the petition without prejudice to the trustee's right to proceed in a plenary action. This order is here upon certificate of review.

It appears that at the hearing, upon the petition to re-examine, the trustee offered in evidence testimony of the bankrupt taken at an examination under section 21a while the petition in bankruptcy was pending and prior to his adjudication. The referee excluded the evidence, and in arriving at his finding did not consider the facts disclosed by it.

I am of the opinion that this ruling of the referee was erroneous, and therefore his order must be reversed.

It is clear that under a petition to re-examine a counsel fee alleged to have been paid in contemplation of bankruptcy there is always a preliminary inquiry as to whether the court should take jurisdiction under section 60d in a summary proceeding. If it is determined that it may not do so, the proceeding of course is at an end, and a plenary suit must be resorted to. If the court, acting through the referee, determines to proceed summarily, then the amount and reasonableness of the fee constitute a second and distinct subject of inquiry.

The subject matter of the first inquiry is the jurisdiction of the court. The specific fact which determines the decision is the state of mind of the bankrupt at the time the payment was made. As was said in Conrad, Rubin & Lesser v. Pender, 289 U.S. 472, 477, 53 S.Ct. 703, 705, 77 L.Ed. 1327: "We agree with the Court of Appeals that the criteria of jurisdiction to re-examine are distinct from the criteria of the decision on the merits. As to the jurisdiction to re-examine, the controlling question is with respect to the state of mind of the debtor and whether the thought of bankruptcy was the impelling cause of the transaction." The intention, knowledge, or understanding of the attorney has little or nothing to do with it. Although the surrounding circumstances and the character of the services contracted for are important, they are only so as indicative of the intent. Tripp v. Mitschrich (C.C.A.) 211 F. 424.

Here then we have a court proceeding to determine the extent and character of its own jurisdiction in a matter in which that jurisdiction depends upon the existence or nonexistence of a certain state of mind of a party properly before it. I have no doubt, although there seem to be no decisions precisely in point, that under such circumstances the court of bankruptcy can and should consider the entire record and all matters which properly constitute a part of that record. The proceeding has not yet reached the stage of adversary litigation. The court is merely engaged in determining in what kind of proceeding its jurisdiction is to be exercised.

When it is decided that a summary re-examination under section 60d is in order, an entirely different question will arise. Such proceeding would be administrative, it is true, but there would be an issue with adverse parties before the court, and the attorney could not be deprived of any of the ordinary rights of a litigant in adverse proceedings. The question would then have to be met whether the offer of the bankrupt's testimony would be violative of the hearsay rule. The issue would of course be a different one, namely, the extent and value of the services and the size of the fee, and the testimony in question might not be of much importance. However, I express no finding at the present time as to whether or not it is admissible upon that issue. What I hold is that upon the preliminary question of jurisdiction it should have been admitted and considered.

The ground upon which the referee excluded it was that it was hearsay; the attorney arguing that he had no opportunity to cross-examine the witness. It may be noted that he was present representing his client during all of the 21a examination and asked him no question directed to the point in question. His answer is that he had no reason to know that the matter of his fee would come into controversy. But, as I said, I do not think that the hearsay rule is really involved in an inquiry of this kind.

The question being as to the state of the mind of the bankrupt at the time the fee was paid, the result of the exclusion of this testimony was that the most important thing in the record upon the vital issue was not considered at all, and the referee really reached his jurisdictional ruling upon the question of the attorney's intention and state of mind. This is quite evident from a reading of his report.

784

■

■ The entire record of the case, including the evidence excluded by the referee, is properly before this court now, and I see no reason why the jurisdictional point should not be decided now. Therefore, taking into consideration the bankrupt's testimony, I find as a fact that the payment of the attorney's fee was made in contemplation of the filing of a petition in bankruptcy against him.

In Conrad v. Pender, supra, the Court pointed out the fact that the attorney was engaged to conduct negotiations with creditors in order to arrange for an extension of time and to avoid a forced liquidation and ultimately to restore the business to a sound basis does not necessarily establish that the payment was not in contemplation of bankruptcy. "On the contrary," said the Court, "negotiations to prevent bankruptcy may demonstrate that the thought of bankruptcy was the impelling cause of the payment."

This record discloses Langhorne was a building contractor engaged in a single large building operation in Baltimore. In September, 1931, he received a payment from the city of $55,000. Within four days thereafter he had disbursed it all. From it he paid his attorney a fee of $5,000; paid his wife $9,886 (upon a debt which did not appear on any of his statements or books of accounts); paid an insurance broker some $7,500; paid a few alleged creditors who were not subcontractors on his job; paid a labor pay roll of $3,200; and paid out $3,000 of which he gave no account. Almost immediately thereafter Langhorne abandoned the construction work in Baltimore and never resumed it. He also removed from his Philadelphia address, leaving no forwarding address. He gave up his office, leaving a niece in charge to tell any one who called to see his attorney. A meeting of creditors was held about a week after these events at which his attorney was present. In the early part of December, Langhorne went to Florida with his family. It also appears that he advised his attorney that he had no defense to several actions which were begun against him about that time, and his attorney filed no defense pleadings. After his examination under section 21a in August and September, 1932, Langhorne left the jurisdiction and cannot be located at the present time. All of these facts clearly establish in my mind that the attorney's fee was paid in contemplation of bankruptcy.

The order of the referee is therefore reversed, with instructions to re-examine the transaction by which this attorney's fee was paid and for further findings and proceedings in relation thereto as authorized by section 60d of the Bankruptcy Act.