## FELIX v. EURELL.
### No. 6045.

Circuit Court of Appeals, Third Circuit.

June 19, 1936.

Alexander N. Rubin, of Philadelphia, Pa., for appellant.

James Howard Molloy, and Orr, Hall & Williams, all of Philadelphia, Pa., for appellee.

152

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

██ As said by the judge in the court below, 15 F.Supp. 782, "the primary question involved in this certificate is whether upon a trustee's petition, asking the referee to re-examine an attorney's fee under section 60d of the Bankruptcy Act (11 U. S.C.A. § 96 (d), testimony of the bankrupt taken under section 21a (11 U.S.C.A. § 44 (a) is admissible, the bankrupt himself being unavailable as a witness." The referee held the statement of the bankrupt so made was not admissible and dismissed the trustee's petition. The judge took a contrary view, saying:

"I am of the opinion that this ruling of the referee was erroneous and therefore his order must be reversed.

"It is clear that under a petition to re-examine a counsel fee alleged to have been paid in contemplation of bankruptcy there is always a preliminary inquiry as to whether the court should take jurisdiction under section 60d in a summary proceeding. * * *

"The subject-matter of the first inquiry is the jurisdiction of the court. The specific fact which determines the decision is the state of mind of the bankrupt at the time the payment was made. As was said in Conrad, Rubin & Lesser v. Pender, 289 U.S. 472, 477, 53 S.Ct. 703, 77 L.Ed. 1327, 'We agree with the Court of Appeals [In re David Bell Scarves, Inc., 61 F.(2d) 771] that the criteria of jurisdiction to re-examine are distinct from the criteria of the decision on the merits. As to the jurisdiction to re-examine, the controlling question is with respect to the state of mind of the debtor and whether the thought of bankruptcy was the impelling cause of the transaction.' The intention, knowledge or understanding of the attorney has little or nothing to do with it. * * *

"The question being as to the state of the mind of the bankrupt at the time the fee was paid, the result of the exclusion of this testimony was that the most important thing in the record upon the vital issue was not considered at all and the referee really reached his jurisdictional ruling upon the question of the attorney's intention and state of mind. This is quite evident from a reading of his report.

"The entire record of the case including the evidence by the referee is properly before this court now, and I see no reason why the jurisdictional point should not be decided now. Therefore, taking into consideration the bankrupt's testimony, I find as a fact that the payment of the attorney's fee was made in contemplation of the filing of a petition in bankruptcy against him."

Referring to the opinion of the court below, and finding ourselves in accord with the action of the hearing judge, the decree, which provided: "The order of the Referee is reversed, and the record is hereby remanded to the Referee with instructions to re-examine the sum paid to Counsel for the Bankrupt, not inconsistent with the opinion filed herein, as authorized by section 60d of the Bankruptcy Act," is affirmed.