## MAGEE v. FOX.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

### No. 99.

BANKRUPTCY ⬤164—"PREFERENCE"—TRANSFERS CONSTITUTED.

Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (Comp. St. 1913, § 9644), provides that a transfer of any property by an insolvent within four months before the filing of a petition in bankruptcy if the transfer operates as a preference, and the person receiving it shall have reasonable cause to believe that its enforcement would effect a preference, it shall be voidable. Section 64b (Comp. St. 1913, § 9648) specifies the debts to have priority, and in subdivision 3 specifies the cost of administration,

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

including a reasonable attorney's fee for professional services rendered the bankrupt while performing the duties therein prescribed. Shortly before bankruptcy a bankrupt paid a pre-existing debt for legal services fully rendered; it being then insolvent, and the party receiving the payment having notice of the insolvency. *Held* that this payment was preferential.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 267; Dec. Dig. ☞164.

For other definitions, see Words and Phrases, First and Second Series, Preference.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Lyttleton Fox, as trustee in bankruptcy of the John F. Stevens Construction Company, against Joseph T. Magee. From a judgment in favor of plaintiff for $356.74 entered upon the decision of the court, a jury trial having been waived, defendant brings error. Affirmed.

William R. Page, of New York City, for plaintiff in error.
Isham Henderson, of New York City, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. This action was brought by Fox, as trustee in bankruptcy of the Stevens Construction Company, to recover an alleged preferential payment of $300 made August 9, 1913, two days prior to the filing of a voluntary petition in bankruptcy and the adjudication thereon which took place on August 11, 1913.

Norwood & Marden, attorneys, had been retained to prepare the papers and conduct the bankruptcy proceedings and for these services, present and future, they were paid the sum of $1,000, under section 64b3 of the act. Subsequently the referee reduced this amount to $700. On the same day that the $1,000 was advanced to the attorneys in bankruptcy the defendant was paid the said sum of $300 "for legal services rendered." In other words, the Stevens Company owed Magee $300 on August 9th. On that day, when the company was clearly insolvent, it paid him in full, he having notice of the insolvency. Turning to section 60 of the act subdivision "b," we find that it directly applies to the present situation. The payment in question was of a pre-existing debt for services fully rendered. The fact that it was for legal services in no way changes the situation. The only legal services which may be paid or secured are those directly connected with the bankruptcy proceeding. It was not intended that an honest insolvent should lose the benefit of the act because he had no cash in hand with which to pay a lawyer to prepare the petition and schedules. But we think it is equally clear that for past services the claim of a lawyer stands in no better position than that of a physician or merchant. We are clearly of the opinion that the services rendered by Magee were not those provided for in section 64b3 of the act as "one reasonable attorney's fee for professional services actually rendered * * * to the bankrupt." The District Judge finds that:

"It very plainly appears that the payment made to the defendant was for claimed services rendered prior to the proceedings in bankruptcy."

These conclusions are we think sustained by the following authorities: In re Wood & Henderson, 210 U. S. 246, 28 Sup. Ct. 621, 52 L. Ed. 1046; In re Stolp (D. C.) 199 Fed. 488; In re Kross (D. C.) 96 Fed. 816; In re Curtiss, 100 Fed. 784, 41 C. C. A. 59; Tripp v. Mitschrich, 211 Fed. 424, 128 C. C. A. 96.

The judgment is affirmed.