### In re PERL
### No. 14389.

District Court, W. D. Pennsylvania.
Nov. 8, 1930.

See, also, 28 F.(2d) 1002.

Watson B. Adair, of Pittsburgh, Pa., referee.

Isidore M. Goldsmith, of Pittsburgh, Pa., for bankrupt.

Lewis M. Alpern, of Pittsburgh, Pa., for trustee.

GIBSON, District Judge.

The trustee was appointed on February 13, 1929, and filed his bond on the 20th day of the same month. On July 16, 1929, he filed his report of exempted property which, under the referee's rule, was confirmed nisi twenty days. No notice of the filing of the report was given to creditors and no exceptions were filed.

On September 10, 1929, J. A. Williams & Co., an unsecured creditor, filed its petition wherein it alleged that it had then learned of the filing of the trustee's report for the first time. The petition further alleged that the report had been erroneously confirmed by reason of the lack of notice to creditors, and prayed the referee to vacate the confirmation and allow the petitioner to file exceptions. A rule to show cause was issued upon the bankrupt pursuant to the petition. He, in turn, moved to dismiss the petition, and, after argument, the referee allowed his motion. Thereupon the matter was certified to this court for review.

Section 47 of the Bankruptcy Act (11 USCA § 75) sets forth, among other duties, that the trustees shall set apart the bankrupt's exemptions and report thereof to the court "as soon as practicable after their appointment." General Order No. 17 of the United States Supreme Court (11 USCA § 53), amplifying the same matter, commands the trustee to make report to the court within twenty days after receiving notice of his appointment, of the articles set off to the bankrupt by him, and further provides that any creditor may take exceptions to the determination of the trustee within twenty days after the filing of the report. The General Order further provides that, in case the trustee shall neglect to file any report, which it is made his duty to file by the act or any General Order in Bankruptcy within five days after the same shall be due, it shall be the duty of the referee to make an order requiring the trustee to show cause why he should not be removed from office.

Upon hearing upon the instant matter by the court, the petitioning creditor contended that, while it is true that neither the Bankruptcy Act nor the General Orders in Bankruptcy provides for any notice to creditors of the filing of the trustee's exemption report, all equitable principles demand that notice be given them when the exemption is made after the period fixed by law for such action. Up to the expiration of the twenty-day period following the approval of the trustee's bond, it is contended the burden is upon the creditor to examine the records of the referee, but, after the expiration of that period, the creditor is entitled to assume that no action has been taken in respect to exemption unless he has been notified. To hold otherwise, it is asserted, would require the creditor either to examine the referee's records daily for an indefinite period, or be deprived of his right of exception specifically given him by General Order No. 17 (11 USCA § 53). The bankrupt, on the other hand, points to the fact that no notice of the filing of the exemption report is prescribed by the act or General Orders, and further cites General Order No. 17 (11 USCA § 53), as furnishing proper procedure for a creditor in case the trustee fails to obey the statute by filing his exemption report within the twenty-day period. That General Order, it will be remembered, provides for a rule upon the trustee who neglects his duty in respect to a report to show cause why he should not be removed from office. The referee has held that any interested creditor may protect his right of exception, in case the exemption report is not filed within the twenty-day period, by petition for the removal of the trustee. The method suggested would doubtless be effective, but it is so drastic, cumbersome, and circuitous that no creditor would adopt it, except in the rarest instances. As a matter of actual practice the right of exception to the exemption allowance can be preserved only by requiring notice to interested persons when the trustee's report has not been filed in accordance with the requirements of the statute.

It is true, as has been pointed out by the referee in his opinion, that the provision of General Order No. 17 fixing the time within which exceptions must be filed is mandatory. In re Krecun (C. C. A.) 229 F. 711. In the case cited, however, the court was dealing with a situation contemplated by the statute and General Orders. The trustee had filed his exemption report within the legal period. In the instant case the trustee had not complied with the General Order, but had filed his report long after the time prescribed. It is not to be claimed for an instant that a bankrupt can be deprived of a proper exemption because of the undue delay of the trustee. This being true, the court has before it, not the situation contemplated by the statute, but another brought about by the failure of the trustee. In such case it is not possible to apply all the rules prescribed by the statute and order, but it is necessary to apply general equitable principles. Doing so, it is our opinion that creditors should be given notice before confirmation of a trustee's report filed beyond the period prescribed by General Order 17 (11 USCA § 53). This requires the reversal of the action of the referee in refusing to vacate the order of confirmation and permit the petitioning creditor to file exceptions to the exemption within a proper period.