## In re WEINSLACK CONSTRUCTION CORPORATION.

District Court, S. D. New York.
Aug. 12, 1931.

Alfred Taffet and Henry H. Silver, both of New York City, for respondents.

Abraham J. Halprin, of New York City, for trustees.

ROBERT P. PATTERSON, District Judge.

The trustees in bankruptcy brought a summary proceeding to have re-examined the fees said to have been paid by the bankrupt to two lawyers for services to be rendered in contemplation of bankruptcy. They asked that any excess over a reasonable fee be turned over to them.

The proceeding is instituted under section 60d of the Bankruptcy Act (11 USCA § 96 (d), providing as follows: "If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty for services to be rendered, the transaction shall be re-examined by the court on petition of the trustee or any creditor and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

It appeared that for several months prior to bankruptcy the respondent Taffet, a young lawyer, had performed legal services for the Weinslack Company in a variety of matters. By the latter part of December, 1928, the financial condition of the company had become very poor. Creditors were pressing. Its officers decided that a lawyer of more experience and prestige was required to handle the difficulties facing it. There is no doubt that by this time bankruptcy was contemplated, in the sense that the company's officers knew that there was small hope of avoiding bankruptcy proceedings. Taffet was dropped, the company paying him $1,000 for his past services. The respondent Silver was engaged in his place and received a fee of $700 paid in advance. A few days later an involuntary petition in bankruptcy was filed.

The referee found that $200 was the extent of a reasonable amount for the services rendered by Silver on the eve of bankruptcy, and ordered that the balance, $500, be returned to the trustees. As for Taffet, the referee found that the payment to him of $1,000 was for past services, and that $200 was fair compensation to him, taking into account moneys theretofore paid to him. Accordingly Silver was ordered to pay $500 and Taffet to pay $800 to the trustees. Both Silver and Taffet filed petitions to review.

As for the order directed against Sil-

ver, the petition to review must be dismissed. The payment of $700 to him was a payment to a lawyer in contemplation of the filing of a bankruptcy petition, for services to be rendered. The case falls squarely within the terms of section 60 (d). The matter was one for the exercise of summary jurisdiction by the bankruptcy court. In re Wood and Henderson, 210 U. S. 246, 28 S. Ct. 621, 52 L. Ed. 1046; In re Falk (C. C. A.) 30 F.(2d) 607, 608. The only point for review is whether the referee placed too low a figure upon the reasonable value of the lawyer's services. In this connection, it must be borne in mind that the only services to be valued are those rendered before the filing of the petition; services rendered later to aid the bankrupt in performing his duties under the act cannot be taken into account in a proceeding of this sort. Such at least is the law in this circuit. In re Rolnick (C. C. A.) 294 F. 817; In re Falk, supra. Such being the case, I cannot say that the figure of $200 found by the referee as the reasonable value of Silver's services is too low.

■ As to Taffet, I think that the order of the referee was erroneous, and that the proceeding should be dismissed. The evidence tended to show, and the referee found as a fact, that the payment of $1,000 to Taffet was for past services rendered over a considerable period of time. Taffet was being paid off; his connection with the client was practically finished. The payment to him was not "for services to be rendered." Preferential the payment may have been, in whole or in part, depending upon the value of the services covered by Taffet's lien on the bankrupt's papers and also upon whether the lien amounted to anything; but that fact is of no avail to the trustees in a proceeding of this type. Where a debtor, whether or not in contemplation of bankruptcy, pays his lawyer for past services of a general nature, the trustee in bankruptcy cannot have the reasonableness of such payment re-examined in a proceeding instituted under section 60d of the act. His remedy is to bring a plenary suit to recover a voidable preference. In re Stolp (D. C.) 199 F. 488. See, also, Magee v. Fox (C. C. A.) 229 F. 395, 396.

The order of the referee as to Taffet is therefore reversed. The proceeding against him will be dismissed, without prejudice to the right of the trustees to proceed with remedies relative to voidable preferences or to fraudulent conveyances. The order as to Silver is affirmed.