CALDWELL et al.
v.
VALLEY NAT. BANK OF
PHOENIX et al.

No. 4673.

United States Court of Appeals
Tenth Circuit.

Dec. 17, 1953.

Rehearing Denied Jan. 20, 1954.

James B. Cooney, Las Cruces, N. M. (Garland, Sanders & Cooney and Edwin L. Mechem, Las Cruces, N. M., on the brief), for appellants.

George H. Rawlins, Phoenix, Ariz., and W. C. Whatley, Las Cruces, N. M. (Rawlins, Davis, Christy, Kleinman & Burrus, Phoenix, Ariz., were with him on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

The Caldwells have appealed from an order adjudging them bankrupts in an involuntary proceeding. On July 28, 1952, the Caldwells executed and delivered to E. Forrest Sanders, R. C. Garland and Edwin Mechem a mortgage on certain real property owned by the Caldwells to secure a note for $3,000, due one year from date. The involuntary petition pleaded the giving of that note and mortgage as an act of bankruptcy. If it was not an act of bankruptcy, there was no basis for the adjudication.

The facts with respect to the transaction are these:

On December 26, 1951, the Valley National Bank of Phoenix [1] filed an involuntary petition in bankruptcy against the Caldwells, which was docketed as Number 1973. The Caldwells employed Mechem and Sanders to defend the action. A hearing was had in Albuquerque on April 24, 1952, and a brief was filed on behalf of the Caldwells. On May 8, 1952, the petition was dismissed by the court. The Bank appealed from that order. The Caldwells then discussed with Mechem the question of a fee for services rendered and to be rendered in the pending proceeding and in future bankruptcy proceedings which the Caldwells contemplated would be brought. A fee of $3,000 was agreed upon. The Caldwells executed the note to evidence the fee and the mortgage to secure the payment thereof. The trial court found that the note was given to cover the fee for the past services rendered in Number 1973, for services to be performed on the appeal and services in future bankruptcy proceedings, which the Caldwells contemplated would be brought. On October 7, 1952, the Bank dismissed the appeal from the order in Number 1973. Shortly thereafter the Bank and two other creditors filed the involuntary petition in the instant case.

11 U.S.C.A. § 96, sub. d, provides:

"(d) If a debtor shall, directly or indirectly, in contemplation of the

---

1. Hereinafter called the bank.

filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty for services to be rendered, the transaction shall be reexamined by the court on petition of the trustee or any creditor and shall be held valid only to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate." [2]

Section 96, sub. d, is sui generis. It recognizes the right of a debtor in failing financial circumstances and contemplating that an involuntary petition in bankruptcy may be filed against him to have the aid, advice and assistance of counsel and to make provision for reasonable compensation to such counsel. And, to protect against the abuse of the right to make provision for such fee, it provides for a reexamination of the reasonableness thereof, should bankruptcy ensue, by the bankruptcy court. [3]

Such a fee, to come within the literal language of the statute, would have to be paid or secured for "services to be rendered". However, in view of the object of the statute and the manner in which it safeguards the estate against an excessive fee in the event bankruptcy ensues, we think the statute should not be so narrowly construed. The need for the aid of counsel, in many cases, would be immediate. The ability of one in failing financial circumstances immediately to pay or secure a fee would often be difficult, if not impossible.

In the case of In re Falk, 2 Cir., 30 F.2d 607, 609, the court said:

"The object of section 60d was to afford the bankrupt representation by counsel, who would not have to take chances as a general creditor, but might know that a reasonable fee was assured, and hence would be zealous to render active service in what is often a difficult situation. It also safeguarded the estate by enabling the trustee to secure a summary reexamination of the propriety of any fee paid. It seems quite immaterial, therefore, whether the payment was made at the beginning of the service or later, providing bankruptcy was in contemplation during the time when all the services compensated for were rendered, and the payment was for services which were to be rendered when the professional engagement was entered upon.

"To read the statute so strictly as to deprive bankrupts of the services of an attorney, who could be assured of reasonable compensation, involves a construction of the statute which impairs its beneficial effect * * *."

The adjudicated cases, with one exception, have so construed § 96, sub. d. [4]

We think Magee v. Fox, 2 Cir., 229 F. 395, and In re Weinslack Construction Corp., D.C.N.Y., 54 F.2d 667, are clearly distinguishable. In those cases payments for attorney's services were held not to come within § 96, sub. d, because they were not for services performed in contemplation of bankruptcy proceedings.

We conclude that the note and mortgage were given in accordance with the provisions of § 96, sub. d, and did not

---

**2.** 11 U.S.C.A. § 104, sub. a, deals with payments to attorneys for services rendered in actual bankruptcy proceedings, after final adjudication. That section and cases decided thereunder, are not relevant to the issue here presented.

**3.** In re Wood and Henderson, 210 U.S. 246, 252, 253, 28 S.Ct. 621, 52 L.Ed. 1046.

**4.** In re Buchanan, 2 Cir., 66 F.2d 416, 418, certiorari denied 290 U.S. 682, 54 S.Ct. 120, 78 L.Ed. 588; In re Klein-Moffett Co., D.C.Md., 27 F.2d 444, 445; In re Cummins, D.C.S.D.N.Y., 196 F. 224, 225; Furth v. Stahl, 205 Pa. 439, 443, 55 A. 29, 30. See, also, Remington on Bankruptcy (Henderson), Vol. 6, § 2704, p. 256. Contra: See In re Stolp, D.C. Wis., 199 F. 488.

constitute an act of bankruptcy. We deem it unnecessary to pass on the other questions presented.

The cause is reversed, with instructions to vacate the order of adjudication and dismiss the petition.