In the Matter of Farrar H.
LEVENS, Bankrupt.

Lloyd E. NICHOLS and Irene Nichols
et al., Appellants,

v.

Farrar H. LEVENS, Appellee.

No. 77–2218
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1977.

Don L. Baker, Austin, Tex., for appellants.

D. Michael Dalton, Houston, Tex., for appellee.

Before GOLDBERG, RONEY and FAY,
Circuit Judges.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir.,
1970, 431 F.2d 409, Part I.

RONEY, Circuit Judge:

Once a bankruptcy trustee files a report placing exempt property beyond the grasp of creditors, Bankruptcy Rule 403(c) allows the creditors only 15 days to object. In this case, the creditors missed the deadline, and the district court refused to consider their objection. We reverse that judgment because the trustee's failure to file his report within the time required by the rules deprived the creditors of constructive notice of the filing, and they received actual notice no more than 14 days before they objected.

Bankruptcy Rule 403 provides, in part:

(b) *Trustee's Report.* The trustee shall examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart . . . . *The report shall be filed with the court no later than 15 days after the trustee qualifies.* . . . (emphasis added)

(c) *Objections to Report.* Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15-day period. . . .

.    .    .    .    .

(e) *Approval of Report if No Objections.* If no objections are filed within the time provided by this rule, the report shall be deemed approved by the court.

.    .    .

The rule makes no provision for the creditors to get notice of the trustee's filing, and places on them the burden of checking the court's records during the 15 day period after the trustee qualifies.

In this case, the trustee was appointed on June 25, 1975. The following day, creditors sent him a letter challenging the bankrupt's claimed homestead exemption. On July 10, the time for the trustee's filing passed, but no report was made. The creditors inquired periodically and as late as September 9, but were not informed on September 26, when the trustee filed the report. The report allowed the challenged homestead exemp-

tion. Not until September 30 did the trustee mail the creditors a letter which, while it did not mention the filing, did state his decision concerning the exemption. The creditors' attorney received the letter on October 2. On October 15, the day the bankruptcy court approved the report, the creditors first learned for sure that the report had been filed. They submitted their objections on October 16. In a subsequent hearing, the bankruptcy judge held the objections were not timely submitted and so, under the rule, could not be considered. The district court affirmed.

[1, 2] While a bankruptcy court is a court of equity, it is necessarily bound by the rules Congress has adopted to guide its deliberations. This case, however, presents a situation for which the rules offer little help. Creditors are entitled to notice before their property rights are cut off, and economy dictates that they withhold their objections until they are sure the trustee disagrees. Rule 403(b) provides constructive notice to them by requiring the trustee to file his report within 15 days of qualification. Once that period passes, however, the constructive notice either evaporates or the creditors must shoulder the onerous burden, not intended by the rules, of checking court records daily for an indefinite period of time.

▮ The trustee's delay upset the equipoise of rights and duties envisioned by the rules, and equity requires that the balance be restored here by not starting the 15 day time limit on creditors until they received actual notice of the filing. *See In re Perl*, 47 F.2d 923 (W.D.Pa.1930) (actual notice required when trustee missed deadline under General Order No. 17); 1A Collier on Bankruptcy ¶ 6.22 n. 3 (1976). To hold otherwise would not only burden creditors with an open-ended duty to check court records, but it would also encourage trustees to nurture hopes of dilatory ambush.

On appeal, the trustee argues that requiring actual notice would be an undue imposi-

tion on trustees, the delay of consideration on the merits will stretch the resources of an already impecunious bankrupt, and, in any event, the day of notice should be calculated from the day the letter was mailed, rather than the day it was received.

A trustee can avoid the difficulties of actual notice easily enough by complying with Rule 403(b) and getting his report in on time.

A trustee who submits his report two months late can hardly be allowed to attribute the bankrupt's dwindling financial reserves to the creditors' insistence on a hearing, to which they would be entitled upon timely filing of the report and timely objection.

■ Finally, putting a letter in the mailbox does not provide the creditors notice of its contents. Only receipt can do that. *See also* Fed.R.Civ.P. 6(e).

■ In this case the letter which arrived October 2 was the first glimmer of actual notice which reached the creditors. The parties dispute whether it was sufficient, but even if the trustee is correct and the letter was adequate, the objections were filed only 14 days later and should have been considered on the merits by the bankruptcy court. The trustee urges this Court *to* reach the merits of the objection but, in the absence of any findings of fact or consideration of the merits by the bankruptcy court, this would be inappropriate.

REVERSED AND REMANDED.