In the matter of Eugene DARKE and Carolyn Darke, Debtors.

R. Robert LYNN, Trustee, Plaintiff,

v.

Eugene DARKE and Carolyn Darke, and Colucci, McLean & Schneider, P.C., Defendants.

Bankruptcy No. 81–00233–B.
Adv. No. 81–0769.

United States Bankruptcy Court,
E. D. Michigan, S. D.

March 9, 1982.

R. Robert Lynn, Ferndale, Mich., for trustee.

Colucci, McLean & Schneider, Professional Corp. by Edward A. Schneider, Detroit, Mich., for debtors/defendants.

## OPINION

GEORGE BRODY, Bankruptcy Judge.

On January 16, 1981, Eugene Darke and Carolyn Darke (debtors) filed a joint petition for relief under Chapter 7. The debtors, in their schedules, claimed as exempt pursuant to section 522(d)(5) a $4,000 fund held by their attorney in an escrow

account.[1] The trustee instituted two actions contending that at least part of the escrow fund is recoverable for the estate.

The debtors did not appear at any of the scheduled hearings, although directed to do so by the court.[2] However, the facts necessary to decide this controversy are not in dispute.

More than a year before the filing of the petition in bankruptcy, the law firm of Colucci, McLean & Schneider, P.C. was retained by Carolyn Darke to represent her in a divorce proceeding. Approximately six (6) months before the filing of the bankruptcy proceeding, the same law firm was retained by the debtors to represent them in a civil action in the District Court for the 16th Judicial District for the State of Michigan. The debtors were billed for these services, but the bills were not paid. Within ninety days of bankruptcy, counsel for the debtors sold, at the debtors' request, certain designated shares of stock which they owned for $4,000. The $4,000 fund was placed in an "escrow account". The debtors and counsel agreed that the fund was to be held by counsel to satisfy the firm's prepetition legal fees and for services rendered in the divorce proceeding and the state court action, and to compensate counsel for services he rendered in connection with the sale of the stock and to be rendered in connection with the filing of the bankruptcy petition. Applications filed by counsel request compensation from the fund as follows: $1,100 for services rendered in connection with the divorce proceeding; $231 for representing the debtors in the civil action in the state court; $192.50 for time devoted to negotiating the sale of the debtors' stock; and, $840 for representing the debtors in the bankruptcy proceeding.[3]

Based upon these facts, the trustee contends:

1. The debtor had no allowable claim of exemption to that part of the fund which was earmarked for the payment of prepetition debts of counsel; and

2. The transfer of the fund to the extent that it was earmarked for the payment of prepetition debts of counsel is a preference and, therefore, recoverable by the trustee by virtue of section 547.

Counsel for the debtors does not address the exemption issue other than to contend that the trustee's objection to the claim of exemption was not timely filed and, therefore, must be dismissed. This contention is based upon Rule 403 of the Rules of Bankruptcy Procedure. Rule 403 in part provides as follows:

*(a) Claim of Exemptions.* A bankrupt shall claim his exemptions in the schedule of his property required to be filed by Rule 108.

*(b) Trustee's Report.* The trustee shall examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not allowable. The report shall be filed with the court no later than 15 days after the trustee qualifies. If the trustee reports that any exemption claimed is not allowable, he shall forthwith mail or deliver copies of the report to the bankrupt and his attorney.

*(c) Objections to Report.* Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15-day period. Copies of the objections so filed shall be delivered or mailed to the trustee and, if the objec-

---

**1.** Section 522(d)(5) permits a debtor to claim as exempt any unused amount of the debtor's interest in real or personal property in an amount not to exceed $7,500, which a debtor is permitted to claim by virtue of section 522(d)(1).

**2.** The debtor moved to Tennessee after he filed the petition in bankruptcy and apparently was unable to make the trip back to Detroit.

**3.** Counsel also contends that he is entitled to retain from the escrow fund $524.66 for work he has performed in connection with the pending bankruptcy proceeding since the filing of the petition.

tions are by a creditor, to the bankrupt and his attorney. After hearing upon notice the court shall determine the issues presented by the objections. The burden of proof shall be on the objector.

It is the position of counsel that since Rule 403 requires that the trustee file a report of exemption no later than fifteen days after the trustee qualifies, and since the trustee did not do so, the objection to the allowance of the exemption must be dismissed.

■ The Rules of Bankruptcy Procedure for Chapter 7 cases were adopted April 24, 1973 to govern practise and procedure under the Bankruptcy Act of 1898 as amended. These Rules apply to cases under the Bankruptcy Code to the extent not inconsistent with the Code until such Rules are repealed or superseded by Rules promulgated for the Code. P.L. 95–598 § 405(d).[4] Such Rules, however, have as yet not been adopted. Whether Rule 403 is applicable depends, therefore, on whether the procedure set forth therein is or is not consistent with the Code. The approach of the Code and the Bankruptcy Act with respect to the trustee's role in the exemption process differ materially. Section 47(a)(6) of the Bankruptcy Act imposed a duty upon a trustee to "set apart the bankrupt's exemptions allowed by law, if claimed, and report the items and estimated value thereof to the courts as soon as practicable after their appointment". Rule 403(b) merely fixed a time within which the report had to be filed. However, there was no sanction for failure of the trustee to file his report within the 15-day period. Late filing of the trustee's report did not automatically allow all of the debtors' claimed exemptions. Rather, it merely delayed the start of the 15-day period within which creditors and the debtor could object to the report under Rule 403(c). *Matter of Levens*, 563 F.2d 1223 (5th Cir. 1977); *In re Perl*, 47 F.2d 923 (W.D.Pa.1930); 12 Collier on Bankruptcy

¶ 403.4 (14th ed. 1980). Under the Code, trustees are not required to file a report setting apart the debtor's allowable exemptions. Property claimed as exempt is automatically removed from the estate, but the claim of exemption is subject to objection by a party in interest. The procedure set forth in Rule 403 is inconsistent with the Code and, therefore, not applicable. 3 Collier on Bankruptcy ¶ 522.02 (15th ed. 1981); 1 Norton Bankruptcy Law and Practice § 26.54 (1981); *In re Tuttle*, 16 B.R. 470, 5 C.B.C.2d 627 (D.C.D.Kan.1981); *In re Cipa*, 7 B.C.D. 1026, 11 B.R. 968 (Bkrtcy.W.D.Pa. 1981).

■ Since the trustee's objection to the allowance of exemption for that part of the fund which has been earmarked for the payment of prepetition attorney fees is timely filed, it is necessary to consider the trustee's arguments on their merits. Exemption laws are intended

> to save for the debtor from his financial wreck a certain amount of necessary property which will enable him to keep himself and his family from actual want while attempting a new start in life. Exemption laws are essentially for the benefit of the debtor and not for the purpose of enabling some creditor to secure for himself a larger percentage of the debtor's estate than is secured by other general creditors.

*In re Mattingly*, 42 F.Supp. 83, 84 (W.D.Ky. 1941). To accomplish this purpose, section 522(d) provides that if a debtor does not claim as exempt his or her exemptions, a dependent of the debtor may claim them on the debtor's behalf. Section 522(*l*). Other than this exception, exemption rights are personal to the debtor "and no other person may claim them in his stead." *In re Van Winkle*, 297 F.Supp. 400, 402 (E.D.Mo.1969). The claim of exemption in that part of the fund which was transferred to permit counsel to obtain payment of his prepetition fees was not made for the benefit of the debtor

---

4. It is contemplated that the "procedure for objecting to property claimed as exempt; including time, form, manner, and who may object" will be dealt with by the Rules of Bank-ruptcy Procedure to be promulgated or by local rules of court. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 296 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787.

but for the benefit of counsel. It was made solely for the purpose of enabling counsel "to secure for himself a larger percentage of the debtor's estate than is secured by other general creditors." *In re Mattingly, supra.* The claim of exemption is an ingenious attempt to evade the purpose for which the exemption provisions were enacted. *Mitchell v. Mitchell,* 147 F. 280 (E.D.N.C. 1906).[5] Moreover, in order to claim an exemption under section 522(d)(5), the debtors must have an interest in the property so claimed. The debtor, by virtue of the transfer, no longer had an interest in that part of the fund allocated to the payment of counsel's prepetition debts. The debtor, therefore, had no allowable claim of exemption to that part of the fund allocated to the payment of counsel's prepetition debts.

■ Additionally, the transfer of the fund to the extent allocated to the payment of counsel's prepetition legal fees are recoverable by the trustee as a preference. Section 547(b) provides that a trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; . . . and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Every manner, direct or indirect, of disposing of property constitutes a transfer. Section 101(40). The creation of the escrow fund constituted a transfer within the meaning of section 101(40). The transfer was made within ninety days of bankruptcy, for the purpose of satisfying the law firm's prepetition debts, while the debtors were insolvent.[6] It is clear that if the law firm were permitted to satisfy its prepetition debts from the escrow fund, it would enable them to receive more than other unsecured creditors. Counsel contends, however, that since he did not withdraw funds from the escrow fund to satisfy any prepetition debt prior to the filing of the bankruptcy petition, the transfer was not preferential. Counsel cannot avoid the impact of section 547 by delaying distribution to him of that part of the fund transferred for his benefit. To constitute a preference, it is not necessary that the transfer be made directly to the creditor. The transfer is preferential if it is made "for the benefit of a creditor." Section 547(b)(1). Section 547 focuses on the purpose and effect of the transaction "irrespective of the devious manner in which it is accomplished." *In re Roscar Steel Scrap & Metals Corp.,* 12 B.R. 629, 633, 24 C.B.C. 273 (S.D.N.Y.1981).[7] Nor is the character of the payment changed by the fact that it was for legal fees.

The payment in question was of a pre-existing debt for services fully rendered.

---

**5.** As observed in *Mitchell,* exemption laws are enacted to aid the debtor and his dependents and not "to aid or benefit shrewd, unmerciful, grasping creditors, whose principal study is to aid such in evasions of the true intent of the law." *Id.,* at 283.

**6.** The debtor is presumed to have been insolvent on and during the 90 days preceding the date of the filing of the petition. § 547(f). Counsel has not introduced any evidence to rebut this presumption.

**7.** The phrase "to or for the benefit of a creditor" was not incorporated into section 60(a) until 1938. P.L. 696, 75th Cong. (June 22, 1938). Prior to 1938, section 60(a) merely stated that a transfer was preferential if it was made "in favor of any person," whereby the effect of the transfer will enable "one of his creditors" to gain a greater percentage of his debt. The 1938 amendment merely codified then existing case law. *See, e.g., National Bank of Newport v. National Herkimer Co. Bank,* 225 U.S. 178, 181, 32 S.Ct. 633, 634, 56 L.Ed. 1042 (1912).

The fact that it was for legal services in no way changes the situation. The only legal services which may be paid or secured are those directly connected with the bankruptcy proceeding. It was not intended that an honest insolvent should lose the benefit of the Act because he had no cash in hand with which to pay a lawyer to prepare the petition and schedules. But we think it is equally clear that for past services the claim of a lawyer stands in no better position than that of a physician or merchant.

*Magee v. Fox*, 229 F. 395, 396 (2d Cir. 1916). *See, also*, 3 Collier on Bankruptcy, § 60.68, at 1144–45.

■ The trustee has not raised any questions with respect to the applications for compensation by counsel for services rendered in connection with the sale of the stock which created the escrow fund and the services rendered to the debtor in connection with the filing of the bankruptcy petition and the postpetition services rendered in the bankruptcy proceeding.[8] The court, however, has a duty regardless of whether or not objections are filed to determine whether the compensation requested for such services is or is not reasonable. Section 329. *York Intern'l Building, Inc. v. Chaney*, 527 F.2d 1061 (9th Cir. 1975); *In re Detroit Intern'l Bridge Co.*, 111 F.2d 235 (6th Cir. 1940); *In re Mattocks*, 5 C.B.C.2d 764, 15 B.R. 379 (Bkrtcy.E.D.N.Y.1981); *In re Hamilton Hardware*, 7 B.C.D. 963, 4 C.B. C.2d 699, 11 B.R. 326 (Bkrtcy.E.D.Mich. 1981).

In accord with the above findings, the following disposition is to be made of the escrow fund. The court hereby orders that the debtors' attorney turn over the $4,000 now being held in escrow (plus accrued interest) to the trustee for disposition as follows. The trustee shall retain $1,331 (plus accrued interest), the amount earmarked to satisfy the claims for services performed in the divorce proceeding and the civil suit, as property of the estate.[9] The sum of $1,111.84 (plus accrued interest) is to be turned over to the debtors pursuant to their claim of exemption. The remainder of the fund, $1,557.16 (plus accrued interest), which is now claimed by counsel as attorney fees for the services rendered in connection with the sale of the stock which created the escrow fund and for services rendered in connection with the bankruptcy proceeding, will be distributed as the court directs after a determination is made as to the reasonableness of the fees requested.

An appropriate order to be submitted.

---

**8.** The trustee did file a motion entitled "Motion To Turn Over Excessive Attorney Fees", but it was directed to the entire $4,000 fund, apparently on the uninformed assumption that the entire $4,000 was earmarked for services performed in the preparation of the petition. To date, there has been no determination on the value of the services performed in relation to the debtors' petition.

**9.** The Code permits a debtor to claim as exempt property that a trustee recovers to the extent that the debtor could have exempted such property under section 522(b) if such property had not been transferred. However, this claim of exemption may be made for such property only if the trustee was not voluntary. § 522(g). Since the property which the trustee may recover was voluntarily transferred by the debtor, no claim of exemption may be made with respect to any property received by the trustee by virtue of this proceeding.