**In the Matter of Neal Glenn CHAMBERS, Debtor.**

**Bankruptcy No. 86–2826.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 15, 1987.

Malka Isaak, Tampa, Fla., for debtor.

Jack Weech, Lakeland, Fla., trustee.

Lynn England, Valrico, Fla., U.S. Atty.,

## ORDER ON ORDER TO SHOW CAUSE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case, and the matter under consideration is a determination of the amount of fee charged by Ms. Malka Isaak (Ms. Isaak) to Neal Glenn Chambers (Debtor), the Chapter 7 Debtor in connection with this case. The matter came before this Court pursuant to an Order to Show Cause which directed Ms. Isaak to appear before the undersigned and show cause, if she had any, why the fee charged by her for representing the Debtor should not be re-examined, and in the event the fee charged is found to be in excess of the reasonable fee, why such sum should not be refunded by her. The facts relevant to the resolution of this controversy which have some unusual features as appear from the testimony presented and from the record, are as follows:

On July 2, 1986, the Debtor filed a voluntary Petition for Relief under Chapter 7.

The Petition was filed by the office of Ms. Isaak and signed by Mr. Halton J. Hart as counsel who was at that time an employee of the lawfirm of Ms. Isaak. The Disclosure Statement submitted pursuant to § 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b) stated as appears from the face of the document that the amount of fee paid prior to the filing of the Statement was zero; the amount of fee promised was zero; and the total fee paid and promised was zero. Thus, it appears that as the statement was originally prepared, it indicated that there was no agreement as to the fee and indicated that no fee was actually paid by the Debtor. It appeared, however, that the § 329 Statement had been changed and typed over the initial amounts reflecting the following amounts:

| | |
|---|---|
| Paid prior to the filing of this Statement | $300.00 |
| Promised | $ 0.00 |
| Total paid | $300.00 |

A review of this Disclosure of Compensation, as it appears in the Court file, shows that the document has at some time been altered, and the original "$300.00" has been changed to "$0.00" in both places. Regardless of when this document was altered or who altered same, it is apparent that if the Debtor did, in fact, pay for legal services either by actual payment or by rendering services for Ms. Isaak in exchange for legal representation, Ms. Isaak's law firm did not disclose this compensation to this Court.

Ms. Isaak testified that the original agreement with the Debtor was a payment of $300.00 in cash plus $60.00 for filing fee. However, the record reveals that the Debtor installed three floodlights, three switches for the floodlights, three ceiling fans, three switches for the ceiling fans and part of a burglar alarm system in Ms. Isaak's home. The Debtor also testified that he spent several days working in the Pointsetta House and installed a circuit breaker. It is undisputed that Ms. Isaak purchased all the materials and the Debtor performed these services for Ms. Isaak. It should also be noted that testimony showed that the burglar alarm system was improperly installed and needed to be removed and redone. The Debtor testified that the $4,000.00 figure in the Amended Disclosure of Compensation was inaccurate and reduced the amount to $2,500.00. The Debtor also admitted that he told the Trustee that he had worked for 62 hours at the request of Ms. Isaak and that his rate of pay was $7.00 an hour representing a total value of his services to be $434.00. The Debtor is an unlicensed electrician and the Court finds that the value of his services for Ms. Isaak was not more than $434.00.

It is without dispute that Ms. Isaak has yet to file a proper disclosure statement stating compensation received from the Debtor. Her testimony that she failed to do so because she was advised by the Trustee not to do must be rejected outright. Ms. Isaak is a seasoned bankruptcy attorney, and it certainly ill behooves her to seek advice from the Trustee whether or not she should or should not comply with the positive mandate of § 329 of the Bankruptcy Code and Bankruptcy Rule 2016.

There is no question that the violation of this Rule would warrant a total forfeiture of all compensation received by her either in the form of cash, which is not the case in the present instance, but measured by the value of the services rendered to Ms. Isaak by the Debtor. *See In re Kero-Sun, Inc.,* 58 B.R. 770 (Bankr.Conn.1986); *see also In re Darke,* 18 B.R. 510, 8 B.C.D. 1059 (Bankr.E.D.Mich.1982).

Ms. Isaak's violation of the disclosure requirements of the Bankruptcy Code warrants the conclusion that the appropriate sanction is to order Ms. Isaak to forfeit the value of the services received from the Debtor in the amount of $434.00 and to return this sum to the Trustee of the estate forthwith. *See In re Kero-Sun, Inc., supra; see also In re Darke, supra.*

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the value of the services rendered by the Debtor to Ms. Isaak is determined to be $434.00. It is further

ORDERED, ADJUDGED AND DECREED that Malka Isaak be, and she is hereby, ordered to remit said sum to the Trustee, Jack Weech, within ten days from

the date of entry of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that in the event Malka Isaak should fail to remit the $434.00 within 10 days of the entry of this Order, the Court will enter an appropriate order for enforcement of same. It is further

ORDERED, ADJUDGED AND DE-CREED that upon the filing by Malka Isaak of a Notice of Compliance with this Order, the Order to Show Cause shall be discharged with further order of this Court.